Eastern District of Kentucky
**FILED**
MAY 16 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

**CRIMINAL ACTION NO. 05-17**

UNITED STATES OF AMERICA            PLAINTIFF

VS.

DARYL KIMBERLY            DEFENDANT

**PRETRIAL MEMORANDUM OF DEFENDANT**

Comes now the Defendant, Daryl Kimberly, and for his Pretrial Memorandum and states as follows:

**I. STATUE INVOLVED AND ELEMENTS OF THE OFFENSE**

18 USC§2423(b)  18 USC§2422(b) & 18 USC§1470

**II. STATEMENT OF FACTS**

The Defendant, Daryl Kimberly, chooses not to outline any facts.

**III. SUBSTANTATIVE ISSUES OF LAW WITH CITATION OF AUTHORITIES**

The only substantive issue of law concerns whether or not it is a defense to the alleged charges "that the defendant reasonably believed that the other person had attained the age of sixteen (16) years". The Defendant asserts that this is a viable affirmative defense.

COUNT ONE of the indictment alleges:

1

1. On or about June 9, 2004, DARYL KIMBERLY, did knowingly travel in interstate commerce from the state of Virginia to Pendleton County, in the Eastern District of Kentucky for the purpose of engaging in illicit sexual conduct with a fifteen year old minor female, all in violation of 18 USC §2423(b).

18 USC §2423(b) states:

Travel with intent to engage in illicit sexual conduct. – A person who travels in interstate commerce or travels into the United States, or a United States citizen or alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

It is alleged that the Defendant engaged in consensual oral sex with the 15 year old minor. 18 USC§2423(f) defines "illicit sexual conduct" as a sexual act with a person under 18 years of age <u>that would be in violation of Chapter 109A</u> if the sexual act occurred within the territorial jurisdiction of the United States. The only alleged illicit sexual conduct that is applicable in this case which could be in violation of Chapter 109A, is 18 USC §2243(a) wherein it states:

a) OF A MINOR - Whoever, in the special maritime and territorial jurisdiction of the United States or in Federal Prison, <u>knowingly</u> engages in a sexual act with another person who-

(1) Has attained the age of twelve years but has not attained the age of sixteen years; and
(2) Is at least four years younger than the person so engaging;
[or attempts to do so shall be fined under this title, imprisoned not more than fifteen years, or both.]

Specifically set forth in 18 USC §2243(c) is "in a prosecution under subsection (a) of this section, it is a defense, which the defendant must establish by a preponderance

2

of the evidence, that the defendant reasonably believed that the other person had attained the age of sixteen years".

The two statutes must be read together. The Defendant submits that it would not be unlawful to travel across state lines to have consensual sex with a person believed to be 16 years or older. There would be no <u>criminal intent</u> in this scenario, no more than it would be unlawful to cross state lines to have consensual sex with a 25 year old. Defendant Kimberly should be permitted to pursue by a preponderance of the evidence that he reasonably believed that the other person (the victim) had attained the age of sixteen years.

For illustration purposes, internet dating has become a way for people to meet others who live at a great distance. Recently, the undersigned attended a funeral service for a family member and was introduced to a significant other of an in-law who had traveled from North Carolina to meet the in-law and her family. He was 48 years old and she was 41 years old. Clearly there would be no criminal intent to commit a crime when he crossed the state lines even if his intent was to have sexual conduct upon meeting the internet partner. If the traveler upon his arrival would have discovered that the person with whom he had been corresponding for the past month was in reality a 15 year old teenager, should he be prohibited from introducing into evidence that <u>at the time</u> he crossed state lines that he believed the person with whom he had been corresponding was over the age of 16. The government's position is that he would be prohibited. The Defendant's position is that he should not be prohibited.

The Defendant is also charged with a violation of 18 USC§2422(b). Therein it is provided:

3

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution <u>or any sexual activity for which any person can be charged with a criminal offense</u>, or attempts to do so, shall be fined under this titles, imprisoned not more than 15 years, or both.

The operative provision in this statute relates to the term "sexual activity for which any person can be charged with a criminal offense". Because the alleged activity was a consensual act, the Defendant can only be charged with a criminal offense as it relates to the age of the alleged victim pursuant to 18 USC§2243(a). The Defendant should be able to use the affirmative defense that he reasonably believed that the other person had attained the age of 16 years at the time of the internet conversation.

The last count that the Defendant is charged with is violating 18 USC §1470. A review of the indictment demonstrates that knowledge of age is a defense in this matter as it is set forth in COUNT III

> In or about the Spring of 2004, the exact date unknown, in Pendleton County, in the Eastern District of Kentucky, and elsewhere, Daryl Kimberly, using a facility in means of interstate commerce, including interstate wire communications and Yahoo service, did knowingly transfer an obscene matter to another individual who had not attained the age of 16 years, that is a 15 year old minor, <u>knowing that the other individual had not attained the age of 16 years</u>, all in violation of 18 USC§1470.

Consequently, set forth in the Indictment is the element that the government must prove that the defendant knew "that the other individual had not attained the age of 16 years".

### IV.    EVIDENTIARY ISSUES

The defendant is unaware of any evidentiary issues at this point.

4

## V. OTHER TRIAL PROBLEMS

The defendant is unaware of any other trial problems in this matter.

## VI. INSTRUCTIONS

The defendant will submit a specific instruction as to the defense of whether the defendant reasonably believed the victim was 16 years or older and if the court rules in the defendants favor on the above request.

Respectfully Submitted,

By: _____
STEVEN N. HOWE
Attorney for Defendant
94 S. Main Street
Dry Ridge, KY 41035
(859) 824-0500

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing Pre-Trial Memorandum by regular U.S. Mail and facsimile to: Mark Wohlander, AUSA, 110 West Vine Street, Ste. 400, Lexington, Kentucky 40507-1671 on this 16th day of May, 2005.

_____
STEVEN N. HOWE, ESQ