**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON**

**CRIMINAL NO. 05-17-WOB**                        **ELECTRONICALLY FILED**

**UNITED STATES OF AMERICA**                        **PLAINTIFF**

**V.**                  **SUPPLEMENTAL
PRETRIAL MEMORANDUM
OF UNITED STATES**

**DARYL KIMBERLY**                                       **DEFENDANT**

**\* \* \* \* \* \* \* \***

Comes the United States of America, by counsel, and respectfully requests the Court to consider the supplemental authority as set forth below. The supplemental addresses the Court's ruling authorizing the defendant to assert an affirmation defense as to the charge set forth in Count 2 of the Indictment, a violation of Title 18, United States Code, Section 2422(b).

**Attempt to persuade, induce, entice, or coerce a minor**

It is the understanding of the United States based on today's ruling of the Court that the defendant will be authorized to offer an affirmative defense in relation to Count 2 based on the fact that the Court interpreted the statute as criminalizing the sexual act and not the attempt to persuade. It is the position of the United States that Congress intended to criminalize the attempt to persuade, induce, entice, or coerce the minor to perform a sexual act, and not the sexual act. Additional research indicates that the position of the United States is the position taken by Sixth Circuit Court of Appeals in *United States v.*

*Bailey,* 228 F.3d 637 (6th Cir. 2000), *cert. denied,* 532 U.S. 1009, 121 S.Ct. 1737, 149 L.Ed. 661 (2001).

In *Bailey,* the defendant argued a violation of Title 18, United States Code, Section 2422(b) requires the specific intent to commit "illegal sexual acts rather than just intent to persuade or solicit the minor victim to commit sexual acts." The Court rejected the defendant's argument and held as follows:

> Interpretation of a statute begins with the statute's plain language, and if such language is clear and unambiguous, the Court will usually proceed no further. *Barker v. Chesapeake & Ohio R.R.,* 959 F.2d 1361, 1366 (6th Cir. 1992). At the time of Bailey's conviction, the statute at issue here read:
>> Whoever, using any facility or means of interstate or foreign commerce ... knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years to engage in prostitution or any sexual act for which any person may be criminally prosecuted, *or attempts to do so,* shall be fined....
>
> 18 U.S.C. §2422(b) (emphasis added). While it may be rare for there to be a separation between the intent to persuade and the follow-up intent to perform the act after the persuasion, they are two clearly separate and different intents and the Congress had made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves. Hence, a conviction under the statute only requires a finding that the defendant had an intent to persuade or to attempt to persuade. Defendant's Bailey's attack is therefore meritless.

*Id.* at 638-39.

For the reasons set forth in *Bailey,* the United States would respectfully request the Court to reconsider its ruling authorizing the defendant to assert an affirmative defense. As the United States has argued the crime is committed once the defendant either persuades or attempts to persuade a person of less than 18 years to engage in any sexual

act. The United States has no burden to prove more, and the defendant should not be able to provide an affirmative defense for something which is not an element of the offense charged.

        Respectfully submitted,
        GREGORY F. VAN TATENHOVE
        UNITED STATES ATTORNEY

By:   s/ Mark A. Wohlander
        Assistant United States Attorney
        110 W. Vine Street - Suite 400
        Lexington, Kentucky 40507-1671
        (859) 233-2661, Ext. 126

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2005, I electronically filed the foregoing Supplemental Pretrial Memorandum with the clerk of the court by using the CM/ECF system.

I further certify that I mailed the foregoing document to the following non-registered CM/ECF participants:

>Hon. Steven N. Howe
>94 S. Main Street
>Dry Ridge, Kentucky 41035

>s/ Mark A. Wohlander
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>110 W. Vine Street, Ste. 400
>Lexington, KY. 40507-1671
>Phone: (859)233-2661, Ext.126
>Fax: (859)233-2747
>Mark.Wohlander@usdoj.gov