**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON**

Eastern District of Kentucky
F I L E D

MAY 2 5 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL ACTION NO. 05-17-WOB**

**UNITED STATES OF AMERICA**

v.

**MEMORANDUM OPINION AND ORDER**

**DARYL KIMBERLY**

The defendant herein has been indicted for various federal sex offenses in a three-count

indictment.    This memorandum opinion is concerned with the first two counts which read as

follows:

### COUNT 1
**18 U.S.C. § 2423(b)**

On or about June 9, 2004,

**DARYL KIMBERLY**

did knowingly travel in interstate commerce from the State of Virginia to
Pendleton County, in the Eastern District of Kentucky, for the purpose of
engaging in illicit sexual conduct with a fifteen year old female, all in violation of
18 U.S.C. §2423(b).

### COUNT 2
**18 U.S.C. § 2422(b)**

On or about April 2004, and continuing through on or about June 9, 2004,
the exact dates unknown, in Pendleton County, in the Eastern District of
Kentucky, and elsewhere,

**DARYL KIMBERLY**

did use a facility and means of interstate commerce to attempt to knowingly
persuade, induce, entice, and coerce an individual who had not attained the age of
eighteen years, that is, a fifteen year old minor female, to engage in a sexual
activity, that is, sexual intercourse with a person less than sixteen years of age, for
which he could be charged with a criminal offense, all in violation of 18 U.S.C.
§2422(b).

1

Although succinct, these counts present certain difficulties in interpretation, especially with regard to the applicable age of the victim. The court will address the counts in turn.

### Count I (Travel Count)

The court has already ruled orally on this count, but will reduce the ruling to writing so that everyone may be clear on the reasons therefor.

Count one charges a violation of 18 U.S.C. § 2423(b), the applicable portions of which read:

> A person who travels in interstate commerce . . . for the purpose of engaging in any illicit sexual conduct with another person [is guilty of an offense.]

"Illicit sexual conduct" is defined as "a sexual act (as defined in § 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States . . . ." 18 U.S.C. § 2423(f).

Sexual intercourse is one of the sexual acts defined in 18 U.S.C. § 2246. The United States has represented that it is prepared to introduce evidence that the defendant traveled in interstate commerce with the purpose of having sexual intercourse with the victim, who was a female 15 years of age. According to the United States, the defendant was successful in achieving this purpose.

The problem arises with the cross reference to Chapter 109A in § 2423(f). The pertinent statute in Chapter 109A under the theory of the United States is § 2243, "Sexual abuse of a minor or ward," which reads in pertinent part:

2

> Whoever, in the special maritime and territorial jurisdiction of the
> United States . . . knowingly engages in a sexual act with another person who–
>> (1) has attained the age of 12 years but has not attained the age of 16
>> years; and
>> (2) is at least four years younger than the person so engaging:
>> or attempts to do so, [is guilty of an offense].
>
> (c) Defenses. (1) In a prosecution under subsection (a) . . . it is a defense,
> which the defendant must establish by a preponderance of the evidence, that the
> defendant reasonably believed that the other person had attained the age of 16
> years.

18 U.S.C. § 2243.

Subsection (d) of this section relieves the government of proving that the defendant knew the age of the victim.

The United States argues that the required age of the victim is 18 under § 2423 and that there is no affirmative defense, although it recognizes that it would have to prove that the defendant knew the victim was under 18.  It points out that no affirmative defense is provided for in § 2423 except for commercial crimes.

The defendant, of course, argues that the age is 16, and that the affirmative defense provided for in §2243 (c), *supra,* is applicable.  Although the victim was under 16, it is easier to establish that the defendant did not know she was under 16 than that he did not know she was under 18.

The defendant reasons that, although § 2422(b) specifically provides that the maximum age of the victim is 18, the cross reference to Chapter 109A reduces it to 16 under the rule of lenity.

Where the intent of Congress can be discerned, however, that intent trumps the rule of lenity. *Chapman v. United States,* 500 U.S. 462 (1991);  *Liparota v. United States,* 471 U.S. 419,

427-8 (1985); *United States v. Wilson,* 10 F.3d 734, 736 (7th Cir. 1993).

The court notes also that in *United States v. Vang,* 123 F.3d 1065, 1066 (7th Cir. 1997) the court assumed the age for this statute was 18 without discussion. *Contra United States v. Kelly, No. 99-10100-01,* 2000 WL 433093 (D. Kan. 2000) (court dismissed indictment charging victim age as 17 because of cross reference to Chapter 109(A)) (this court respectfully disagrees with this conclusion).

Here, the court concludes, after careful consideration, that it was the intent of Congress in enacting § 2423 to raise the protected age of the victim to 18, where the defendant travels in interstate commerce with the intent to engage in any of the sex acts enumerated in § 2246 with the victim, and to eliminate the affirmative defense. In the view of the court, the ambiguities are the result of poor statutory drafting.

The court can see no other reason why Congress would have provided for the age of 18 in § 2423(b) if this were not its intent. The court concludes that the cross reference to Chapter 109A was merely to make reference to the prohibited sex acts, but that it intended to raise the protected age and to eliminate the affirmative defense.

The court notes that the United States agrees that to convict it will have to prove beyond a reasonable doubt that the defendant knew that the victim was under 18, since the statute requires the offense be done "knowingly."

### *Count II (Persuasion Count)*

Count II of the indictment charges an offense under 18 U.S.C. § 2422(b), which reads in pertinent part:

Whoever, using the mail or any facility or means of interstate or foreign

4

commerce, . . . knowingly persuades, induces, entices or coerces any individual
who has not attained the age of 18 years, to engage in . . . any sexual activity for
which any person can be charged with a criminal offense, or attempts to do so, [is
guilty of an offense.]

The United States has represented to the court that its theory is that the criminal offense

with which "any person can be charged" by reason of the defendant's alleged persuasion of the

victim to engage in sexual activity is the Kentucky offense of third degree rape. The defendant

could be charged with this offense if such activity occurred with the victim. Since the federal

statute says "knowingly," the United States admits that for a conviction it would have to prove

beyond a reasonable doubt that, at the time of the use of the interstate facility (here the internet)

to persuade the victim to engage in the sexual activity, the defendant knew she had not reached

her eighteenth birthday.

The United States further contends that this is all it would have to prove. It asserts that it

would not have to prove that the defendant knew the victim was under 16, as required by the

Kentucky statutes.

The United States relies on *United States v. Bailey,* 228 F.3d 637 (6th Cir. 2000), as being

controlling in supporting this proposition. A reading of this case, however, demonstrates that

this reliance is misplaced. In *Bailey* the Sixth Circuit did address the same statute at issue here

and did hold that the offense was complete when the defendants therein used the interstate

facility to conduct the prohibited persuasion. *Id.* at 640.

However, the court made no holding concerning the issues that concern us here, namely,

what knowledge the defendants had to have concerning the age of the victims. The court merely

refers to the victims as "minors." They apparently were under the state statutory age and the

5

defendants admitted they knew that.  In any event, no issue concerning such matters was even mentioned by the court. The defendant's appeal was based on his contention that the statute required he have the specific intent to perform the sexual acts rather than just the intent to persuade.  *Id.*

Moreover, because the underlying Tennessee statute in *Bailey* makes the age of consent 18, the issues with which we are concerned here were not before the Sixth Circuit in *Bailey*.  *See* T.C.A. § 39-13-506.

The defendant here contends that when the federal statute refers to a criminal offense for which "any person can be charged," the intent of Congress was that the jury must be charged on the elements of the offense with which "any person could be charged."  Specifically, in the instant case, under the defendant's theory, the defendant would have to have been subject to conviction for statutory rape in Kentucky if the persuasion were successful.

Under the Kentucky statutory scheme, "Rape in the third degree occurs when a defendant has sexual intercourse with another person who is . . . less than sixteen years old, when the defendant is twenty-one years old or more." Abramson, Substantive Criminal Law, 10 Kentucky Practice Series § 4:33 (2d ed. 2000 ) (*citing* KRS 510.060).

Another statute, KRS 510.020, states that every sex crime is presumed to require a lack of consent, but that a person under 16 is conclusively presumed to be unable to consent.  But "[w]hen lack of consent is based solely on the victim's incapacity to consent, the Penal Code provides an affirmative defense that a defendant can prove that at the time of the offense he was unaware of the victim's incapacity to consent due to being less than sixteen years old . . . ."

6

Abramson, at § 4:32 (citing KRS 510.030). The exact text of the statutes appears below.[1]

There are at least three possible interpretations regarding the degree of knowledge (at the time the persuasion occurred) required by the statutory language "for which any person can be charged with a criminal offense." The three possible interpretations are:

1. The defendant had to know only that the victim was under eighteen. The defendant would not have to know that the victim was under 16, but the United States would have to prove that she was in fact under 16. (The government's position.)

---

[1] KRS 510.020 Lack of Consent

(1) Whether or not specifically stated, it is an element of every offense defined in this chapter that the sexual act was committed without the consent of the victim.

(2) Lack of consent results from:
(a) Forcible compulsion;
(b) Incapacity to consent; or
(c) If the offense charged is sexual abuse, any circumstances in addition to forcible compulsion or incapacity to consent in which the victim does not expressly or impliedly acquiesce in the actor's conduct.

(3) A person is deemed incapable of consent when he is:
(a) Less than sixteen (16) years old;
(b) Mentally retarded or suffers from a mental illness;
(c) Mentally incapacitated; or
(d) Physically helpless.

KRS 510.030 Defenses

In any prosecution under this chapter in which the victim's lack of consent is based solely on his incapacity to consent because he was less than sixteen (16) years old, mentally retarded, mentally incapacitated or physically helpless, the defendant may prove in exculpation that at the time he engaged in the conduct constituting the offense he did not know of the facts or conditions responsible for such incapacity to consent.

KRS 510.060 Rape in the third degree

(1) A person is guilty of rape in the third degree when:
(a) He engages in sexual intercourse with another person who is incapable of consent because he is mentally retarded;
(b) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than sixteen (16) years old; or
(c) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than eighteen (18) years old and for whom he provides a foster family home as defined in KRS 600.020.

(2) Rape in the third degree is a Class D felony.

7

2. The United States would have to prove that the victim was under 16 and the defendant could prove as an affirmative defense that he believed she was over 16. (The defendant's position.)

3. The United States would have to prove both that the victim was under 16 and that the defendant knew this.

Reference is made to the discussion of the rule of lenity under Count I. With regard to the statute involved in Count II, however, the intent of Congress is not clear. It could rationally have intended any of these positions. Nor has the government referred the court to any legislative history or any authority other than the inapplicable Sixth Circuit case referenced above.

By reason of the rule of lenity as stated above, when the intent of Congress is not clear, the interpretation most favorable to the defendant should be chosen. Thus, the court will adopt position 2, *supra*, favored by the defendant, unless cited to further authority.

Indeed this seems to be the most probable intent of Congress when it used the phrase "charged with a criminal offense." Congress would have had to mean an offense which would result in a conviction if tried in state court. And, if the defendant established his affirmative defense under state law, there would be no conviction. If Congress had not intended to adopt the elements of the state offense by cross reference, it could have just made it an offense to persuade someone under 18, or whatever other age it chose, to perform the sexual activity.

The United States argues that the fact that it has charged an attempt to persuade rather than actual persuasion makes a difference. But for the fact that the defendant's actions fall short of success, an attempt requires the same elements as the underlying offense. As stated in *United*

8

*States v. Manley*, 632 F.2d 978 (2d Cir. 1980):

> The cases universally hold that mere intention to commit a specified crime does
> not amount to an attempt. It is essential that the defendant, with the intent of
> committing the particular crime, do some overt act adapted to, approximating, and
> which in the ordinary and likely course of things will result in, the commission of
> the particular crime.

*Id.* at 988 (citing *United States v. Monholland*, 607 F.2d 1311, 1318 (10th Cir. 1979)). *See also*

*Unites States v. Adams,* 214 F.3d 724 (6th Cir. 2000); *United States v. Pennyman,* 889 F.2d 104

(6th Cir. 1989).

It is so ORDERED this 25th day of May, 2005.

William O. Bertelsman

**WILLIAM O. BERTELSMAN, JUDGE**

9