**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON**

CRIMINAL NO. 05-17-WOB  ELECTRONICALLY FILED

UNITED STATES OF AMERICA  PLAINTIFF

V.  RESPONSE OF UNITED STATES
  TO DEFENDANT'S
  <u>MOTION IN LIMINE</u>

DARYL KIMBERLY  DEFENDANT

\* \* \* \* \* \* \* \*

The Defendant, Daryl Kimberly, has moved the Court for an Order excluding evidence of the crimes charged in this case. As grounds for his motion, the Defendant argues that the evidence of the defendant's meeting and sexual encounter with the minor victim and the defendant's later admissions of the sexual encounter in an email are unnecessary to sustain a conviction in this case. The Defendant also argues the prejudicial effect on the jury outweighs the probative value of the evidence. Finally, the Defendant argues that excluding the evidence would eliminate the need for the victim to outline the sexual encounter in public. In essence, the Defendant has requested the Court to preclude the United States from presenting relevant evidence in its case in chief until he decides what his defense will be, or for that matter, whether he will present a defense.

First, as the Court knows, one of the essential elements which the United States is required to prove to convict the Defendant of a violation of Title 18, United States Code, Section 2423(b) is that the purpose of the travel was to engage in a sexual act with an

individual younger than 18 years of age. Thus, the testimony of the meeting and sexual encounter, including the Defendant's admissions in the email, are essential proof. Although the defendant argues the evidence would be prejudicial, this is not the standard for excluding relevant evidence. In *United States v. Bonds,* 12 F.3d 540, 567 (6th Cir. 1993), the Sixth Circuit Court of Appeals reiterated the standard for excluding evidence pursuant to Rule 403 as follows:

> For a Rule 403 violation to occur, the admitted evidence must result in "unfair prejudice" in that "the evidence must suggest a decision on an impermissible basis." *United States v. Schrock,* 855 F.2d 327, 333 (6th Cir. 1988). Unfair prejudice "'does not mean damage to a defendant's case that results for the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *Id.* at 335 (quoting *United States v. Mendez-Ortiz,* 810 F.2d 76, 79 (6th Cir. 1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed. 697 (1987).

The evidence of the Defendant's meeting and sexual encounter with the victim, and his later admissions in the email are clearly probative of the Defendant's intent.

Next, the United States would note that it was the Defendant who argued that he was entitled to present an affirmative defense that he believed the victim was over 16 years of age. As such, the meeting, the sexual encounter and the email are essential to rebut this defense. Interestingly, the Defendant appears to concede that the crime charged in Count 2 is completed once the enticement of attempted enticement is proven. Apparently, notwithstanding this concession, he still wants to put forth his affirmative defense and preclude the United States from presenting relevant evidence that Defendant was attempting to entice the minor victim to engage in sexual activity. And, because the

2

Defendant has the burden to convince the jury by a preponderance of the evidence that in his mind he believed the minor victim was older than 16, this would include all of his acts up to and including his meeting and sexual encounter with the minor victim.

Finally, the Defendant argues that his intention in excluding the evidence would be benefit the minor victim by eliminating the need for her to detail the sexual encounter in public. Although it is unfortunate that the Defendant's conduct have brought us to this point, and notwithstanding the further victimization which will be caused as a result of the trial, the minor victim is determined to go forward and present the facts of the Defendant's conduct to a jury.

## **CONCLUSION**

In conclusion, for the reasons set forth above, the United States respectfully suggests the Defendant's motion to exclude relevant and probative evidence should be denied.

    Respectfully submitted,

    GREGORY F. VAN TATENHOVE
    UNITED STATES ATTORNEY

By:   s/ Mark A. Wohlander
    Assistant United States Attorney
    110 W. Vine Street - Suite 400
    Lexington, Kentucky 40507-1671
    (859) 233-2661, Ext. 126

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2005, I electronically filed the foregoing Response to Defendant's Motion in Limine with the clerk of the court by using the CM/ECF system.

I further certify that I mailed the foregoing document to the following non-registered CM/ECF participants:

>Hon. Steven N. Howe
>94 S. Main Street
>Dry Ridge, Kentucky 41035

>s/ Mark A. Wohlander
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>110 W. Vine Street, Ste. 400
>Lexington, KY. 40507-1671
>Phone: (859)233-2661, Ext.126
>Fax: (859)233-2747
>Mark.Wohlander@usdoj.gov