UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

**CRIMINAL ACTION NO. 05-17-WOB**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**VS.**

**DARYL KIMBERLY**                                                               **DEFENDANT**

## MOTION IN LIMINE

Comes now the Defendant, Daryl Kimberly, and moves this Court for an Order in Limine prohibiting the United States of America from introducing in their case in chief evidence concerning whether the Defendant and the alleged victim engaged in sexual activity on June 9, 2004. This evidence would include an email that Mr. Kimberly allegedly sent to the alleged victim dated June 21, 2004.

The government has charged Mr. Kimberly with a violation of three separate federal statutes. Namely, a travel count wherein it is alleged that the defendant traveled across state lines for the purpose of engaging in a sexual activity, a persuasion count wherein it is alleged that the Defendant used the internet in an attempt to persuade a person under the age of eighteen (18) to engage in sexual activity and an internet count wherein it is alleged that the Defendant exposed himself by way of a webcam to the alleged victim. None of the three counts require a sexual act to occur for a conviction.

The government's Instructions outlined what elements are of each offense. The government in opposition to the Defendant's position that an affirmative defense instruction should be tendered argues that it was the act of traveling across state lines with the intent to commit a prohibited sexual encounter and using the computer in Virginia to persuade the alleged

victim to engage in a prohibited sexual encounter that is the offense. The government has alleged that even if the alleged sexual encounter never had occurred, the Defendant would still be charged and could be convicted of the above three counts. Consequently, if such evidence of an encounter is not required in the government's case, it is therefore not relevant to the issues at hand.

Even if the court decides that the evidence has some relevance its prejudicial effect on the jury concerning the defendant outweighs any probative value that it may have to the fact finder. Also, it would eliminate the need for the alleged victim to outline in public before a jury the sexual encounter that she is alleging to have happened. The government maintains that she has been traumatized by the sexual encounter. If so, she will be further traumatized by having to speak of its details in public when not needed for a conviction.

The court could reserve on whether or not the evidence of the email could be submitted to the jury on rebuttal proof. For instance, if the Defendant were to take the stand and testify that he never came to the State of Kentucky, never met the young lady or has no idea who she is, then the evidence could be brought forth to rebut his statement. This would be for purposes of impeachment, not for purposes of substantive evidence.

The Defendant's position is further supported by case law that indicates that he could have been charged with counts one and two even if he had been corresponding with an undercover agent over the age of eighteen (18) who was posing as someone age fifteen (15). All cases concerning this point including the latest submitted by the government United States v. Bailey, 228 F3rd 637 (Sixth Circuit 2000), cert. denied 532 U.S. 1009 (2001) state that the crime is committed upon the persuasion or attempting to persuade and not the intent to perform a

sexual act following persuasion is the criminal activity. It is thus irrelevant whether or not the sexual activity occurs.

For the foregoing reasons, the Defendant respectfully requests that the government be prohibited from introducing in its case in chief any evidence of any alleged sexual encounter or any evidence of the email allegedly sent by the Defendant to the victim describing the encounter.

## NOTICE

The foregoing Motion shall be hears at the convenience of the Court.

STEVEN N. HOWE, P.S.C.

_____
STEVEN N. HOWE
Attorney for Defendant
94 South Main Street
Dry Ridge KY 41035
(859) 824-0500

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent by regular U.S. mail to: Judge Bertelsman, 35 West 5th Street, Room 505, PO Box 1012, Covington KY 41012-1012 and Mark Wohlander, AUSA, 110 West Vine Street, Ste. 400, Lexington, Kentucky 40507-1671 on this the 23rd day of May, 2005.

_____
STEVEN N. HOWE