

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON**

**CRIMINAL ACTION NO. 05-17-WOB**

**UNITED STATES OF AMERICA**                                **PLAINTIFF**

V.                      **PLEA AGREEMENT**

**DARYL KIMBERLY**                                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

1. The United States of America and the Defendant enter into this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

2. The Defendant agrees to enter a plea of guilty, not a nolo contendere or *Alford* plea, to Count 1 of the above captioned Indictment, charging a violation of Title 18, United States Code, Section 2423(b). At the time of the entry of the guilty plea, the Defendant will admit all facts alleged in the Indictment.

3. The essential elements to the charge set forth Count 1 of the Indictment are as follows:

### Count 1

> First, that the defendant traveled in interstate commerce;
>
> Second, that the defendant's purpose in traveling in interstate commerce was to engage in a sexual act, as defined by Title 18, United States Code, Section 2246, with an individual he believed was younger than 18 years of age; and

1

Third, that the intended sexual act would have been a violation of federal law if it had been committed.

4. As to the above captioned Count, the United States could prove the following facts beyond a reasonable doubt:

During November of 2003, the victim, a female minor of less than 18 years of age, was in an teen internet chat room. While in the chat room, the defendant approached the minor female victim and asked her age. The minor female victim advised the defendant that she was fifteen. Before ending the chat conversation, the defendant turned on his web camera so the minor female victim could see him. The defendant also added the minor female victim to his contact list.

Over the next several months, the defendant continued to have contact with the victim via both the internet and telephone conversations. Ultimately, the defendant began asking the minor female victim if she had any sexual experience. In approximately April of 2004, the defendant told the minor female victim that he would like to show her what it was like to have sex. Finally, in June of 2004, the defendant advised the female minor victim that he had taken two days off from work and would be traveling from Virginia to Falmouth, Kentucky. The defendant had described to the minor female victim several sexual acts that he would like to perform with her when he arrived in Kentucky.

On June 9, 2004, the defendant arrived at the minor female victim's home in Falmouth, Kentucky and engaged in several sexual acts with the minor female victim. On June 21, 2004, after returning to Virginia, the defendant sent the minor female victim an email regarding the visit and the sexual things he had done to her during the visit.

5. The maximum statutory punishment for Count 1 of the Indictment is not more than thirty years (30) years in prison, a fine of not more than $250,000, or both, and a term of supervised release of any term of years or life. A mandatory special assessment

of $100.00 per count of conviction applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing, or as ordered by the court.

6. The United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines, November 5, 2003, manual, will determine the Defendant's guideline range.
>
> (b) Pursuant to §2A3.2(a)(1), the base offense level is 24.
>
> (c) Pursuant to §2A3.2(b)(2)(B), the base offense level is increased 2 levels for the defendant's conduct in unduly influencing the victim to engage in the prohibited sexual conduct.
>
> (d) Pursuant to §2A3.2(b)(3), the base offense level is increased 2 levels for the use of a computer or internet access device to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct.

7. The parties agree that the decision of whether to decrease the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is left to the discretion of the Court. The defendant understands the United States will not move the Court to decrease the offense level by 1 additional level based on the defendant's untimely notice of intent to plead guilty.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. Following the Court's acceptance of the Defendant's guilty plea and plea agreement, the United States will move the Court to dismiss Count 2 and 3 of the indictment at the time of sentencing.

11. The United States will recommend the Defendant remain on bond until the date of his sentencing with the additional term of release requiring global positioning satellite monitoring, if available, or electronic monitoring with travel restrictions. The Defendant understands the United States will move to revoke his bond in the event the Defendant violates any of the terms of the order setting conditions of release.

12. The United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

13. This Agreement does not bind the United States Attorney's Offices in other districts concerning matters under investigation or prosecution in the other districts.

14. All statements and testimony that the Defendant provides must be truthful. This Agreement does not preclude the prosecution of the Defendant for perjury or making false declarations relating to statements or any testimony rendered pursuant to this Agreement.

15. If the Defendant is unable to pay a fine, a mandatory special assessment, or restitution immediately, the Defendant will complete and sign a Form OBD-500 (Financial Statement of Debtor), or will submit to a Deposition in Aid of Collection, or both, at times and places that the United States directs.

16. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

17. If the Defendant violates any part of this Agreement, the United States has the option of voiding this Agreement and seeking an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

18. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Date: May 30, 2005

Mark A. Wohlander
Assistant United States Attorney

Date: 5-30-05

Daryl Kimberly
Defendant

Date: 5/31/05

Steven N. Howe
Attorney for the Defendant

**APPROVED**, this _____ day of _____, 2005.

WILLIAM O. BERTELSMAN
UNITED STATES DISTRICT JUDGE