UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

MAY 3 1 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 05-17-WOB

UNITED STATES OF AMERICA            PLAINTIFF

VS.

DARYL KIMBERLY            DEFENDANT

## MOTION IN LIMINE/MOTION TO STRIKE

Comes now the Defendant, Daryl Kimberly, and hereby moves this Court for an Order to Strike the most recent e-mail evidence that was submitted to the defendant by way of facsimile from the government on May 26, 2005 at 2:11 p.m. A procedural history of this case is set forth below for the court's perusal in making this decision.

> On **November 17, 2004**, the defendant was indicted in the Pendleton Circuit Court for sodomy 3rd degree.
>
> On **December 1, 2004**, the defendant appeared in the Pendleton Circuit Court for arraignment and was presented a file to review for purposes of discovery. A Discovery Order was entered stating that the Commonwealth was to provide discovery to the defendant and/or his counsel on or before January 5, 2005.
>
> The matter was set for a pre-trial conference on January 19, 2005 and set for a jury trial on February 3, 2005.
>
> On **January 19, 2005**, when the defendant appeared for a pretrial conference. He was arrested by the federal authorities with a request to the Pendleton Circuit Court to dismiss the case. On that same day, the defendant was transported to the Covington division of the Eastern District Court and was arraigned.
>
> On **February 9, 2005**, the Defendant was indicted by a grand jury on the specific counts set forth previously in this Court.
>
> On **February 18, 2005**, the defendant appeared at the arraignment and the government provided to the defendant the discovery in this matter.

This matter was set for a pretrial on **April 1, 2005**. The defendant appeared at that time and made an oral motion to continue the trial. The court inquired of affirmative defenses that may be asserted by the defendant in this action. The defendant stated his belief that the affirmative defenses were applicable.

Both parties filed their respective Pre-Trial Memorandum required by the Court. The defendant asserted his belief that the affirmative defenses were applicable and the government alleged that they were not applicable. This court called a special pretrial meeting between counsel to discuss the affirmative defenses on **May 18, 2005**.

On **May 19, 2005**, the defendant received for the first time a request for reciprocal discovery.

Counsel for the defendant responded by letter dated **May 23, 2005** with an enclosure of an e-mail chat discussing the age of the alleged victim as well as an explanation that the computer no longer was in the possession of the defendant. It was further explained that a disc was available with the defendant in Virginia, however, being that the disc was not going to be introduced, it was the undersigned's belief that it was not "discoverable" under Rule 16B. It was further explained that Court intervention may be required on that issue.

On **May 26, 2005, at 2:12 pm**, the defendant received from the government (with only one full business day before trial) an e-mail that was allegedly sent by the victim to the defendant on June 22, 2004 discussing her age. It further sets out the details of their encounter as of June 9, 2004.

The Court is reminded that the investigation of this case began with the Kentucky State Police in August of 2004. The Law Enforcement Agency seized the victim's computer according to the Detective's notes on August 12, 2004. This e-mail was available at that time. It is perplexing as to why the e-mail would not have been provided to the defendant either through the discovery process in the state court or the federal court prior to this time.

Consequently, the defendant respectfully requests that this Court strike the e-mail being that it was not timely provided to the Defendant.

## RESPONSE TO PROPOSED EXPERT WITNESS TESTIMONY
## AS TO DEFENDANTS TENDERED INTERNET CHAT TRANSCRIPTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Additionally, the defendant has now received a Motion to challenge the authenticity of the defendant's tendered internet chat transcripts. It appears from a review of the Motion that the government will request this Court to recognize Detective Christopher Frazier of the Kentucky State Police as an expert regarding computer evidence. It is stated in the Motion "based on a review of the transcripts, Detective Frazier is prepared to testify the transcripts are not authentic. Further, Detective Frazier is prepared to testify that the only way the authenticity of transcripts could be verified would be through analysis of the computer hard drive where the transcripts have purportedly been stored."

If the government is intending on offering Detective Frazier as an expert witness as to authenticity and opinions that go beyond that of the lay person, the government is required, pursuant to Rule 16D to permit the defendant to inspect and copy any scientific tests or experiments within control of the government which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. Obviously, this item is material to the preparation of the defense being that the Court is permitting an affirmative defense to be asserted by the defendant.

Lastly, this appears to be request for a pretrial evidentiary hearing. This would need to be scheduled before the jury hears evidence or opening statements are given. The defendant does not want to discuss something in his opening statement that may be excluded before its introduction.

3

## NOTICE

The foregoing Motion shall be heard at the convenience of the Court.

STEVEN N. HOWE, P.S.C.

*(signature)*

STEVEN N. HOWE
Attorney for Defendant
94 South Main Street
Dry Ridge KY 41035
(859) 824-0500

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent by regular U.S. mail to: Judge Bertelsman, 35 West 5th Street, Room 505, PO Box 1012, Covington KY 41012-1012 and Mark Wohlander, AUSA, 110 West Vine Street, Ste. 400, Lexington, Kentucky 40507-1671 on this the 26th day of May, 2005.

*(signature)*

STEVEN N. HOWE