Eastern District of Kentucky
FILED

OCT 1 1 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 05-17

UNITED STATES OF AMERICA                    PLAINTIFF

VS.

DARYL KIMBERLY                              DEFENDANT

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW PLEA

Comes now the Defendant, Daryl Kimberly, and for his Memorandum of Law in Support of his Motion to Withdraw his Plea states as follows:

### FACTS

The Defendant, Daryl Kimberly, was initially charged with Sodomy 3rd Degree in the Pendleton Circuit Court on November 17, 2004. The Defendant was arrested in his home state of Virginia at that time. He posted bond and appeared in the Pendleton Circuit Court at the time of his arraignment. He entered pleas of not guilty to the charges and the matter was set for a jury trial. At the final pre-trial conference before the jury trial in the Pendleton Circuit Court, the Commonwealth announced that it was dismissing the case because the federal authorities had indicted Mr. Kimberly on February 9, 2005.

The Defendant appeared at the United States District Court at Covington and his bond was transferred from state court to federal court. He remained free on bond attending all pre-trial conferences. The Defendant maintained his plea of not guilty and the matter was set for trial.

The primary issue in both the federal court and the state court was the Defendant's knowledge of the victim's age at the time of the alleged commission of the offenses. The Defendant asserted by way of pre-trial memorandum and argued before the District Court that the affirmative defense of lack of knowledge of the alleged victim's age was appropriate. This matter was briefed by both the Defendant and the government. Sodomy 3rd Degree in the State of Kentucky provides that the age of consent is sixteen (16). There has never been an allegation against the Defendant that any force or duress was used in the commission of the alleged sexual offense. The alleged victim in this matter was two weeks from her sixteenth (16th) birthday when the alleged sexual contact between the Defendant and the victim occurred.

The court, after reviewing the statutes in question concerning each count of the Indictment, issued an Order finding the Defendant's belief that the victim was age sixteen (16) or older was not an affirmative defense for Count I, however, was an affirmative defense for Count II. The Court acknowledged that a District Court in Kansas had ruled that the age of sixteen (16) was the appropriate age to be used for the affirmative defense to Count I, United States vs. Kelly, 99-10100-01, 2000 WL 433093 (D. Kan. 2000).

This matter was set for trial on May 31, 2005. On May 19, 2005, twelve (12) days before the trial, the Defendant received for the first time a request for reciprocal discovery. Counsel for the Defendant responded by letter dated May 23, 2005 with an enclosure of an email chat discussing the age of the alleged victim as well as an explanation that the computer was no longer in the possession of the Defendant. It was further explained that a disk was available with the Defendant in Virginia, however,

being that the disk was not going to be introduced, it was counsel's belief that it was not subject to the rules of discovery under Rule 16b.

On May 26, 2005 at 2:12 p.m. the Defendant received from the government, an email that was allegedly sent by the victim to the Defendant on June 22, 2004 discussing her age. The email was sent after the face to face contact between the Defendant and the alleged victim on June 9, 2004. Also received on May 26, 2005 was a letter from AUSA Wohlander stating that the government did not believe the Defendant's email chat to be authentic. AUSA Wohlander filed a Motion to challenge the authenticity of that transcript. On May 27, 2005, the Court conducted a Pre-Trial Conference wherein it was discussed that the disk in the possession of the Defendant would be delivered to the United States for the purposes of authentication and/or fabrication. The Defendant offered the disk to the government at that time, however, AUSA Wohlander stated to bring the disk to trial beginning on Tuesday, May 31, 2005.

The parties continued to discuss resolution throughout the Memorial Day weekend. On May 29, 2005 the undersigned received a letter from AUSA Wohlander discussing different scenarios if the Defendant were to proceed to trial. In that discussion, it was stated that the government would seek a two-level enhancement for obstruction of justice for the e-mail transcript submitted by the Defendant. However, no additional charges would be filed.

In good faith, the parties negotiated a plea agreement wherein the Defendant would receive a two-level enhancement because of the difference in age of the victim and Defendant, however, the government would not pursue the two level enhancement for obstruction of justice. The government was no longer in need of the disk from the

Defendant to have an expert to review for authenticity purposes because of the plea agreement.

Upon arriving at court on May 31, 2005 for purposes of the plea, the court conducted a conference in chambers. The court stated at that time that it had received information that the disk had been reviewed and found to be a fraud, thus, the Defendant was choosing to plead guilty as a result of this finding. This same statement was made when the Defendant appeared for purposes of sentencing on September 26, 2005. The court is mistaken in that belief. At the time of the plea, the disk had not been reviewed by the government. It was only after the court ordered the disk to be reviewed was the examination performed.

The court indicated that the plea agreement had been reviewed. No mention was made prior to the plea of any problem with the plea agreement by the court. However, the court after taking the plea, contrary to the plea agreement, remanded the Defendant into custody.

Between the time of the plea and the time of the sentencing, counsel for the Defendant began discussing with the United States Probation Office their position as to a sentence in the event the Defendant was to withdraw his plea, go to trial and be convicted on all counts including an obstruction count. A review of correspondence between AUSA Wohlander and the undersigned was specifically referenced. Officer Kim Heidel expressed her opinions as to the guideline range if the plea was withdrawn and the Defendant was convicted on all counts.

Upon receipt of the Pre-Sentence Report, the Defendant objected to certain recommendations of the United States Probation Office that were contrary to the plea

agreement concerning the obstruction of justice. The United States Probation Officer did recommend that the Defendant receive two (2) points for acceptance of responsibility.

Upon arrival at Court for sentencing, the Court announced that it was not going to follow the plea agreement and it was not going to follow the recommendation of the United States Probation Office giving the Defendant any acceptance of responsibility. The Court further stated that the top end of the guidelines would be 121 months and that it was considering departing above the guidelines. Thus, the initial guideline range anticipated by the plea agreement of sixty-three to seventy-eight (63 – 78) months had increased to one hundred and twenty-one (121) months or more. Because the Defendant had indicated to counsel that he was considering withdrawing his plea prior to sentencing the undersigned requested a short recess to discuss the matter with him. A Motion to Withdraw the Plea had already been prepared. The Defendant requested that the Motion to Withdraw the Plea be filed.

## LEGAL ARGUMENT

Congress recognized that there may be occasions wherein a Defendant would request a court to permit him to withdraw his plea by enacting Fed. R. Crim. P32(E). If the request is made prior to sentencing, the Defendant has the burden of showing there is a fair and just reason to withdraw the plea. The Defendant in this case contends that there is fair and just reason to withdraw the plea.

In United States vs. Bashara, 27 F3rd 1174, 1180 (6th Cir. 1994) the court outlined the following factors to consider in determining whether there is "fair and just reason":

      1.    The amount of time that elapsed between the plea and the motion to withdraw it;

2.    The presence (or absence) of a valid reason for failure
to move for withdrawal earlier in the proceedings;
3.    Whether the Defendant has asserted or maintained his
innocence;
4.    The circumstances underlying the entry of the guilty plea;
5.    The Defendant's nature and background;
6.    The degree to which the Defendant has had prior experience
with the criminal justice system;
7.    Potential prejudice to the government of the motion to withdraw
is granted.

The Defendant will address each of these factors set out herein.

1. ***The amount of time that elapsed between the plea and the Motion to Withdraw it; and***

2. ***The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;***

The Defendant initially discussed withdrawing his plea immediately after being remanded to custody contrary to the plea agreement. Prior to the date of sentencing, the undersigned began conversations with the United States Probation Office concerning potential sentences in the event that the plea was withdrawn. The probation officer, Kim Heidel, provided to the Defendant her input regarding what potential sentences could or might be pursuant to the guidelines if the Defendant proceeded to trial. The Motion to Withdraw the Plea was prepared at that time and brought to Court on the date of sentencing. Because the Defendant had never been charged or convicted in any type of criminal proceeding prior to being involved in this matter, he was uncertain of whether or not to maintain his not guilty plea and then even more uncertain as to whether he would move the Court to withdraw his guilty plea. Consequently, that is the reason the Motion to Withdraw had been prepared prior to going to court on September 26, 2005. Upon arriving at Court and hearing the colloquy between counsel and the Court, the Defendant desired to withdraw his plea.

### 3. *Whether the Defendant has asserted or maintained his innocence;*

The government and the Defendant have briefed the issue of affirmative defenses in this matter. The defenses are valid defenses and the government by operation of the statute is required to prove the Defendant's knowledge of the alleged victim's age. The Court is reminded that the victim was only two weeks from her sixteenth (16th) birthday when the Defendant traveled to Kentucky. Consequently, his belief that she was sixteen or older remains a viable defense to Counts II and III of the Indictment. The Defendant contends that the Court has erred in its decision to conclude that age eighteen (18) was the age for affirmative defenses under Count I. Even so, the proof could be interpreted that he believed her to be over the age of eighteen (18). The only direct proof of any age discussion between the two persons at issue was the e-mail after their contact.

### 4. *The circumstances underlying the entry of the guilty plea;*

On Friday, May 27, 2005, the Defendant maintained his desire to go to trial. It was only after the negotiations between the parties over the Memorial Day weekend wherein the government conceded in not pursuing any obstruction of justice and allowing two (2) points for acceptance of responsibility did the Defendant decide to enter a plea. It was the morning of trial that the Defendant entered his plea based upon the negotiated plea agreement with the concessions by the government.

### 5. *The Defendant's nature and background;*
### 6. *The degree to which the Defendant has had prior experience with the criminal justice system;*

The Defendant had no criminal history points. The Defendant had never been charged with any type of criminal offense, although he was age fifty-one (51) until

Indicted in this case. The Defendant had absolutely no experience with the criminal law system, the guidelines, the court's discretion and the waivers that he agreed upon. The Defendant asserts it was his lack of experience in this area that contributed to his desire to enter a plea to "cut his losses" in lieu of being exposed to a much higher sentence if he had gone to trial and lost. The Court now desires to impose this much higher sentence although the Defendant and the government had agreed otherwise.

7. ***The potential prejudice to the government if the motion to withdraw is granted;***

The government would not be prejudiced in any way. The government had the case ready for trial and all witnesses are still available. In fact, it could be argued that the government's case is stronger presently than it was at the time of the entry of the plea because the government pursuant to Court Order has obtained expert testimony that the email transcript provided by the Defendant was not authentic. It is anticipated that a Superceding Indictment will be filed with additional charges.

Lastly, the issue of the affirmative defenses has not been answered by a Circuit Court of Appeals to the best of the knowledge of the undersigned. The Defendant desires not to waive his appeal regarding this issue. If the Court does not permit him to withdraw his plea, he will be prohibited from appealing this issue as there is a broad waiver of appeal in the plea agreement. As set out above, a District Court in Kansas decided the issue in favor of the Defendant in that case. Consequently, there is a valid appealable issue.

## CONCLUSIONS

For the foregoing reasons, the Defendant respectfully requests that his Motion to Withdraw his Plea be granted.

Respectfully Submitted,

By: _____

STEVEN N. HOWE
Attorney for Defendant
94 S. Main Street
Dry Ridge, KY 41035
(859) 824-0500

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing Memorandum by regular U.S. Mail and facsimile to: Mark Wohlander, AUSA, 110 West Vine Street, Ste. 400, Lexington, Kentucky 40507-1671 and Judge William O. Bertlesman, 35 West 5th Street, Room 505, PO Box 1012, Covington KY 41012-1012on this _11th_ day of October, 2005.

_____

STEVEN N. HOWE, ESQ