UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CRIMINAL NO. 05-17-WOB                        ELECTRONICALLY FILED

UNITED STATES OF AMERICA                        PLAINTIFF

V.            RESPONSE OF UNITED STATES
TO DEFENDANT'S
<u>MOTION TO WITHDRAW PLEA</u>

DARYL KIMBERLY                                       DEFENDANT

\* \* \* \* \* \* \* \*

The Defendant, Daryl Kimberly, has moved the Court for an Order authorizing him to withdraw his plea of guilty and proceed to trial. As grounds for his motion, the Defendant argues the Court's decision not to apply several sections of the plea agreement amounts to a "fair and just reason" to withdraw his plea. For the reasons set forth below, the United States objects to the Defendant's motion and respectfully submits the motion should be denied.

<u>Statement of the Law</u>

Rule 11 of the Federal Rules of Criminal Procedure provides the circumstances under which a defendant may withdraw a guilty plea. Subsection (d) of Rule 11 provides as follows:

> **(d) Withdrawing a Guilty or Nolo Contendre Plea.** A defendant may withdraw a plea of guilty or nolo contendre :
>
> **(1)** before the court accepts the plea, for any reason or no reason; or

> **(2)** after the court accepts the plea, but before it imposes sentence if:
> **(A)** if the court rejects the plea agreement under Rule 11(c)(5); or
> **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

Rule 11(d), Fed. R. Crim. P.[1]

Once a plea is accepted by the Court, as in this case, a defendant has the burden to present a fair and just reason that the withdrawal of the plea is justified. *United States v. Hunt,* 205 F.3d 931, 936 (6th Cir. 2000). In *United States v. Bashara,* 27 F.3d. 1174, 1180- 1181 (6th Cir. 1994), the Sixth Circuit stated the following regarding a motion to withdraw a guilty plea:

> "If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 329d).
>    Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.
>
> *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir 1991) (quoting *United States v. Carr,* 740 F.2d 339, 345(5th Cir. 1984)), *cert. denied,* ___ U.S. ___, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992). In determining whether a defendant invoking Rule 32(d) has shown a "fair and just reason," this court considers such factors as those set forth in *Alexander* and *United States v. Head,* 927 F.2d 1361, 1375 (6th Cir.) (citing *United States v. Spencer,* 836 f./2d 236, 238 (6th Cir. 1987)), *cert. denied,* ___ U.S. ___, 112

---

[1] The defendant's motion references Rule 32(e) of the Federal Rules of Criminal Procedure. However, the rules were amended in 2002 and Rule 11(e) was adopted from the current Rule 32(e). The purpose of the rule change was to make it clear that a plea could no longer be withdrawn once a sentence was imposed.

> S.Ct. 144, 116 L.Ed.2d 110 (1991). These include: (1) the amount of time that elapsed between the plea and the motion to withdraw it: (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *Id.* at 1181.

Each of the factors will be discussed below.

*Factor One - Amount of time that elapsed between the plea and motion to withdraw*

The Defendant entered a guilty plea to count 1 of the Indictment on May 31, 2005. On September 26, 2005, just prior to the court's imposition of a final sentence, the Defendant announced orally his intention to withdraw his plea. Therefore, one-hundred and eighteen days elapsed between the Defendant's plea of guilty and his motion to withdraw his plea.

The Sixth Circuit has consistently held that " ... a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Triplett,* 828 F.2d 1195 (6th Cir. 1987). The Sixth Circuit has held that thirty-five days after a guilty plea was a substantial amount of time. *See United States v. Spencer,* 836 F.2d 236 (6th Cir. 1987) (denying motion to withdraw guilty plea filed five weeks after the plea was entered); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004)(stating that defendant's unjustified seventy-five day delay was itself sufficient to warrant the district court's denial of a motion to withdraw).

3

And, other circuits have denied motions to withdraw a guilty plea that was filed as few as twenty-two days after the plea. *See United States v. Carr,* 740 F.2d 339 (5th Cir. 1984)(denying motion to vacate guilty plea twenty-two day after the plea was entered).

While the United States has no way of pinpointing the exact date the Defendant began contemplating a motion to withdraw his plea, what is abundantly clear is that his final decision to file the motion was not arrived until he learned the sentence the Court was considering would be greater than what he had hoped for as a result of his plea.[2] Standing alone, the one-hundred and eighteen day delay should be sufficient cause for the Court to deny his motion. However, when the timing of the Defendant's decision is viewed in light of the Court's comments, it is clear the motion to withdraw his guilty plea was a tactical decision once he realized he made a bad choice in pleading guilty. *See United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir. 1991)(quoting *United States v. Carr,* 740 F.2d 339, 345 (5th Cir. 1984).

*Factor Two: the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings*

The Defendant argues that his valid reason for his failure to move for withdrawal earlier in the proceedings was that he had never been charged or convicted in any type of criminal proceeding. When the time-line in this case is examined, the fact that the

---

[2] The Defendant knew at the time of his plea that the Court had the authority to impose any reasonable sentence within the statutory maximum. The plea was negotiated pursuant to Rule 11(c)(1)(A) and (B). The plea agreement clearly indicated that the recommended guidelines did not bind the Court.

Defendant has never been charged in a criminal proceeding should not excuse his failure to move for withdrawal earlier. The Defendant was given ample opportunities to consider the consequences of a plea of guilty. As such, the Defendant's reason for failing to move for withdrawal sooner falls far short of a reason which could be considered valid.

*Factor Three: Whether the defendant has asserted or maintained his innocence*

Notwithstanding the Defendant's argument to the contrary, at this stage of the proceeding the Defendant cannot argue that he has asserted or maintained his innocence. During the May 31, 2005, rearraignment, the Defendant knowingly and voluntarily acknowledged his guilt regrading the charge set forth in count 1 of the Indictment. Although the Defendant now argues he had a valid defense, the Defendant knows the defense was based almost entirely on the forged internet chat transcripts he hoped to introduce at trial.

The United States is at a loss to understand how the Defendant can stand before the court under oath and acknowledge knowing the victim was only 15 years old at the time of the offense, and now argue his innocence. [5/31/05, Transcript of Plea, p. 8].[3] In order to maintain his innocence, the Defendant would have to ask the Court ignore the following plea colloquy which took place on May 31, 2005.

---

[3] The Defendant apparently believes it would be proper to proceed to trial and present a defense wherein the jury would be led to believe he did not know the victim's age. The Defendant's admission under oath at the time of his guilty plea regarding his knowledge of the age of the minor victim forecloses any testimony to the contrary. The presentation of any testimony to the contrary would amount to subornation of perjury.

>    THE DEFENDANT: We corresponded in that fashion on and off for that fall and the early spring. Around late May, I had made plans to go to Kentucky from Virginia. And the female and I had talked. She provided me with her address and telephone number. We also talked several times on the telephone.
>
>    I had traveled to Kentucky in early June of 2004 and met with her at her house in Falmouth Kentucky. We spent some time talking to each other, and we had some sexual contact; and approximately an hour after arriving, I left.
>
>    MR. HOWE: Did you know what her age was at the time?
>
>    THE DEFENDANT: Yes.
>
>    MR. HOWE: And what was her age at the time?
>
>    THE DEFENDANT: 15.
>
>    THE COURT: You knew she was 15?
>
>    THE DEFENDANT: Yes, sir.

[5/31/05 Transcript of Plea, p. 8].   Based on the foregoing, it is abundantly clear that any attempt by the Defendant to assert or claim his innocence has been foreclosed.

   *Factor Four: The circumstances underlying the entry of the guilty plea*

   Next, the Defendant argues the circumstance underlying the plea should weigh in his favor. Apparently, the Defendant believes the fact that he was still inclined to proceed to trial as late as May 27, 2005, should be determinative of his motion to withdraw his plea. The United States does not dispute the fact that certain concessions were made over the weekend leading up to the scheduled trial date. However, the Defendant would also have to acknowledge the United States has fully complied with all of the terms of the plea agreement.

The Defendant cannot argue that he was not fully apprised of the possible consequences of his plea. The underlying circumstances put him on notice that the guideline calculations were non-binding and the Court had the discretion to sentence either above or below any recommended guideline calculations.

> THE COURT: Okay. We've gone over the plea agreement. Do you understand the plea agreement refers to certain recommendations that are going to be made to the Court? Do you understand that the Court does not have to follow those recommendations?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand that if the Court does not follow the recommendations, you cannot then withdraw your plea and go to trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if you don't like the sentence the Court imposes, you think it's too severe, you cannot then withdraw your plea and go to trial?
>
> THE DEFENDANT: Yes, sir.

[5/31/05 Transcript of Plea, p. 14-15]. The plea colloquy clearly evidences the knowing and voluntary nature of the circumstances of the Defendant's guilty plea. Therefore, the circumstances underlying the guilty plea supports the denial of his motion to withdraw his guilty plea.

*Factor Five: The defendant's nature and background*

Prior to his arrest, the Defendant was employed with the United States Navy as a civilian employee for almost 25 years. The Defendant was a highly skilled employee and

held numerous positions throughout his tenure. The Defendant has not claimed to have ever suffered from any physical or psychological problems. Therefore, it appears the Defendant's nature and background are such that he was fully capable of understanding the consequences of his guilty plea. As such, this factor also weighs against the Defendant's motion to withdraw his guilty plea.

*Factor Six: The degree to which the defendant has had prior experience with the criminal justice system*

It does not appear the Defendant has had any prior experience with the criminal justice system. However, based on the time-line of the proceedings in this case, and the Defendant's education and work history suggests the Defendant's background is more than adequate to overcome his lack of prior experience with the criminal justice system.

*Factor Seven: Potential prejudice to the government if the motion to withdraw is granted*

The Defendant's final argument is that if his motion to withdraw is granted the United States would not be prejudiced in any way. The United States would note the Sixth Circuit has held that the factor of potential prejudice to the government need not be addressed unless a defendant first establishes a fair and just reason for withdrawing the plea. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). The United States respectfully submits the Defendant has not met his burden of presenting the Court with a fair and just reason which would support the withdrawal of his guilty plea.

Notwithstanding the defendant's assertion to the contrary, the potential prejudice

to the United States in this particular case would be overwhelming. Because of the nature of the charges, the United States would necessarily have to rely heavily on the testimony of the minor victim to sustain its burden if the matter proceeded to trial. While the prejudice to the United States cannot be quantified, undoubtedly, proceeding to trial would result in even greater psychological harm than that already suffered by the minor victim as a result of the defendant's conduct.[4] The uncertainty of the minor victim's ability to testify at this late date certainly rises to a high degree of prejudice if the Defendant's motion was granted.

*Waiver of Appeal*

A final issue the defendant has raised is his desire to appeal the issue regarding knowledge of the age of the minor victim as an affirmative defense. Because he has waived his right to appeal as a condition for concessions made by the United States in the plea agreement, he is unable to challenge an earlier ruling by this Court. However, as set forth above, any attempt by the Defendant to deny knowledge of the victim's age has been foreclosed by his admissions at the time of his guilty plea. Thus, if he is precluded from presenting testimony on this issue at trial without suborning perjury, the same would apply on appeal.

---

[4] Because of the very private and sensitive nature of the information contained in the presentence report regarding the minor victim, the United States would respectfully request the Court to consider the information in determining the degree of prejudice the United States would suffer if the defendant was allowed to withdraw his guilty plea.

## CONCLUSION

In conclusion, for the reasons set forth above, the United States respectfully suggests the Defendant's motion to withdraw his guilty plea should be denied.

          Respectfully submitted,

          GREGORY F. VAN TATENHOVE
          UNITED STATES ATTORNEY


By:   s/ Mark A. Wohlander
       Assistant United States Attorney
       110 W. Vine Street - Suite 400
       Lexington, Kentucky 40507-1671
       (859) 233-2661, Ext. 126

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2005, I electronically filed the foregoing Response to Defendant's Motion To Withdraw Plea with the clerk of the court by using the CM/ECF system.

I further certify that I mailed the foregoing document to the following non-registered CM/ECF participants:

>Hon. Steven N. Howe
>94 S. Main Street
>Dry Ridge, Kentucky 41035

>s/ Mark A. Wohlander
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>110 W. Vine Street, Ste. 400
>Lexington, KY.  40507-1671
>Phone: (859)233-2661, Ext.126
>Fax: (859)233-2747
>Mark.Wohlander@usdoj.gov