UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
**FILED**
NOV 15 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL NO. 05-17-WOB

UNITED STATES OF AMERICA     PLAINTIFF

V.     MEMORANDUM OPINION AND ORDER

DARYL KIMBERLY     DEFENDANT

This matter is before the Court on Defendant's Motion to Withdraw Plea (Doc. # 44). For the following reasons, the Court finds that the Defendant's Motion is not well-taken and is **DENIED**.

### Statement of Facts

The facts and progression of this case is as outlined in the following time line.

| | |
|---|---|
| 2-09-05 | Defendant Indicted on three counts:<br>1) 18 U.S.C. 2423(b) Travel in interstate commerce for purpose of engaging in unlawful sex act;<br>2) 18 U.S.C. 2422(b) Use of a facility or means of interstate commerce to attempt to persuade, induce, entice and coerce a minor female to engage in sexual activity;<br>3) 18 U.S.C. 1470 Use of interstate wire communications to transfer obscene matter to a minor. |
| 2-18-05 | Arraignment. Defendant pleads not guilty to all counts. |
| 2-18-05 | Pre-Trial Order. Trial set for 4-11-05, Pre- trial set for 4-01-05. |
| 4-01-05 | Trial continued to 5-31-05. Pre-Trial continued to 5-20-05. |
| 5-20-05 | Defendant's Motion to Continue Trial date. Defendant considering whether to file a Motion for Re-Arraignment and retain his ability to get a reduction for acceptance of responsibility. |

1

| | |
|---|---|
| 5-25-05 | Memorandum Opinion and Order interpreting, inter alia, victim age requirements for the three counts in the indictment. |
| 5-25-05 | Motion by the US to Challenge Authenticity of Defendant's Transcripts of Internet Chat. |
| 5-27-05 | Defendant files Motion in Limine seeking to prevent introduction of evidence that he and victim engaged in sexual activity, and motion includes request to exclude e-mail sent 6-21-04 from victim to Defendant. |
| 5-28-05 to 5-29-05 | Negotiations continued over Memorial Day weekend. The Court took no part in the plea negotiations and was unaware of the terms until May 31, 2005. |
| 5-31-05 | Proposed Plea Agreement filed. |
| 5-31-05 | Motion to Strike by Daryl Kimberly as to Govt's use of e-mail from victim to Defendant that discusses her age.. |
| 5-31-05 | Re-Arraignment: Plea entered, guilty as to count one. Sentencing set for 9-23-05. Oral Motion of U.S. to dismiss counts 2 and 3 taken under submission pending sentencing. Defendant remanded to custody.<br>Court orders investigation of authenticity of Defendant's e-mail exhibits. |
| 6-01-05 | Order Granting Motion to Challenge Authenticity of Defendant's Transcripts of Internet Chat; Denying Motion in Limine to exclude testimony that he and victim engaged in sexual activity; Denying Motion to Strike E-mails from the victim to the Defendant. |
| 6-08-05 | Notice of Filing Electronic Crime Branch Report which reports that the "e-mail" submitted by Defendant is fraudulent. |
| 8-02-05 | Defendant moves for bond. Court finds Defendant is a flight risk and a danger to the community, remanded to custody. |
| 8-02-05 | Order: Sentencing re-set for 9-26-05. |
| 9-26-05 | Minute Entry for Sentencing, the court is advised that the Defendant wishes to withdraw his plea, deadlines set for the filing of motions and responses pertaining thereto. Defendant advises Court that he made decision to withdraw his plea after Court advised Defendant that it was considering a more severe sentence than recommended by the plea agreement. |
| 10-06-05 | Motion to Withdraw Plea. |

10-26-06        Response to Motion to Withdraw Plea.

### Statement of the Law

Rule 11 of the Federal Rules of Criminal Procedure provides the circumstances under which a defendant may withdraw a guilty plea. Subsection (d) of Rule 11 provides as follows:

> **(d) Withdrawing a Guilty or Nolo Contendre Plea.** A defendant may withdraw a plea of guilty or nolo contendre:
> **(1)** before the court accepts the plea, for any reason or no reason; or
> **(2)** after the court accepts the plea, but before it imposes sentence if:
>     **(A)** the court rejects the plea agreement under Rule 11(c)(5); or
>     **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

Rule 11(d), Fed. R. Crim. P.

The parties agree that the standard set forth in Rule 11(d)(2)(B) applies, i.e., that "the Defendant can show a fair and just reason for requesting the withdrawal." But the result would be the same here no matter which standard applies.

In *United States v. Bashara*, 27 F.3d 1174, 1180-1181 (6th Cir. 1994), the Sixth Circuit stated, in regard to a motion to withdraw a guilty plea:

> Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."

*United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)(quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)).

In determining whether a defendant has shown a "fair and just reason," the court considers such factors as those set forth in *Alexander and United States v. Head*, 927 F.2d 1361, 1375 (6th Cir. 1991)(citing *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987)). Those

3

factors include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 1181.

### Factor One: Amount of time that elapsed between the plea and motion to withdraw

The Defendant entered a guilty plea to count one of the indictment on May 31, 2005. On September 26, 2005, some seven weeks later, just prior to the court's imposition of a final sentence, the Defendant announced orally his intention to withdraw his plea. One hundred and eighteen days elapsed between the Defendant's plea of guilty and his motion to withdraw his plea.

The Sixth Circuit has consistently held that "a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). The Sixth Circuit has held that thirty-five days after a guilty plea is a substantial amount of time, *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987), and that seventy-five days is a substantial amount of time that warrants denial of a motion to withdraw. *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004).

4

The facts of this case are clear that the defendant's decision to withdraw his plea was not made until he learned that the sentence the Court was considering would be greater than what he had hoped for as a result of his plea. The one hundred and eighteen days, in and of itself, is sufficient cause to support the Court's denial of his motion. Further, when the timing of the Defendant's decision is viewed in light of the Court's comments, it is clear the motion to withdraw his guilty plea was a tactical decision made because he beleived he had made a bad choice in pleading guilty.

### Factor Two: The Presence of a valid reason for the failure to move for withdrawal earlier in the proceedings

Defendant claims that his reason for failure to move for withdrawal earlier in the proceedings was that he had never been charged or convicted in any type of criminal proceeding. However, when the time line in this case is examined, the fact that the Defendant had never been charged in a criminal proceeding should not excuse his failure to move for withdrawal earlier. The Defendant was given ample opportunity to consider the consequences of a plea of guilty, and through counsel, pursued extensive negotiation with regard thereto. His asserted reason for failure to move for withdrawal sooner is not sufficient.

### Factor Three: Whether the defendant has asserted or maintained his innocence

Notwithstanding the Defendant's argument to the contrary, at this stage of the proceedings the Defendant's argument that he maintained his innocence is almost disingenuous. At the re-arraignment on May 31, 2005, the Defendant knowingly and voluntarily acknowledged his guilt regarding the charge set forth in Count One of the indictment.

The Defendant admitted in the plea colloquy that he knew the victim was fifteen (15)

years old when he solicited sex with her over the internet, traveled to Kentucky from Virginia, and successfully induced her to engage in sexual activity with him. This statement was an admission of guilt under any construction of the applicable statutes. The colloquy was as follows:

> THE DEFENDANT: We corresponded in that fashion on and off for that fall and early spring. Around late May, I had made plans to go to Kentucky from Virginia. And the female and I had talked. She provided me with her address and telephone number. We also talked several times on the telephone.
>
> I had traveled to Kentucky in early June of 2004 and met with her at her house in Falmouth, Kentucky. We spent some time talking to each other, and we had some sexual contact; and approximately an hour after arriving, I left.
>
> MR. HOWE: Did you know what her age was at the time?
>
> THE DEFENDANT: Yes.
>
> MR. HOWE: And what was her age at the time?
>
> THE DEFENDANT: 15.
>
> THE COURT: You knew she was 15?
>
> THE DEFENDANT: Yes, sir.

(Transcript of Plea, p. 8, May 31, 2005).

It is clear that any attempt by the Defendant to assert or claim his innocence has been foreclosed.

### Factor Four: The circumstances underlying the entry of the guilty plea

Next, the Defendant argues that the circumstances underlying the plea should weigh in his favor. Defendant appears to believe that the fact that he was willing to go to trial as late as May 27, 2005, should be determinative of his motion to withdrawal his guilty plea. However, the

6

Defendant cannot dispute that he was fully apprised of the possible consequences of his plea. The underlying circumstances put him on notice that the guideline calculations were non-binding and the Court had the discretion to sentence either above or below the guideline calculations.

> THE COURT: Okay. We've gone over the plea agreement. Do you understand the plea agreement refers to certain recommendations that are going to be made to the Court? Do you understand that the Court does not have to follow those recommendations?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand that if the Court does not follow the recommendations, you cannot then withdraw your plea and go to trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if you don't like the sentence the Court imposes, you think it's too severe, you cannot then withdraw your plea and go to trial?
>
> THE DEFENDANT: Yes, sir.

(Transcript of Plea, p. 14-15, May 31, 2005).

The above plea colloquy clearly evidences the knowing and voluntary nature of the circumstances of the Defendant's guilty plea. Therefore, the circumstances underlying the guilty plea support the denial of his motion to withdraw his guilty plea.

It should be clarified that, at the time of the plea, the Court did not know that the alleged e-mail tendered to the court was a forgery, but held the Defendant without bond temporarily until this could be determined. Only when it was determined the e-mail was fraudulent was the Defendant held without bond permanently. Neither had the Court made any decision about an appropriate sentence, but fully intended to consider the recommendations made in the plea agreement.

This is still the case. At the sentencing hearing, this Court stated only that it was considering not following the sentencing recommendations, not that it had decided not to do so, and wanted to hear the Defendant on these issues. Between the time of the plea and the time of the sentencing, the Court had received confirmation that the e-mail was a fabrication. In addition, a pre-sentence report was prepared that showed victim impact greater than was contemplated at the time of the plea. The Court has still not made its mind up on these matters and they will be discussed at the new sentencing hearing.

### Factor Five: The defendant's nature and background

Prior to his arrest, the Defendant was employed with the United States Navy as a civilian employee for almost 25 years. The Defendant was a highly skilled employee and held numerous positions throughout his tenure with the Navy. The Defendant has not claimed to have ever suffered from any physical or psychological problems. Therefore, it appears the Defendant's nature and background are such that he was fully capable of understanding the consequences of his guilty plea. This factor also weighs against the Defendant's motion to withdraw his plea.

### Factor Six: Potential prejudice to the government if the motion to withdraw is granted

The Defendant's final argument is that if his motion to withdraw is granted, the United States would not be prejudiced in any way. Contrary to this argument, however, the Court sees the potential prejudice to the United States as significant. Because of the nature of the charges, the United States would necessarily have to rely heavily on the testimony of the minor victim to sustain its burden if the matter were to proceed to trial. While the prejudice to the United States cannot be quantified, undoubtedly, proceeding to trial would result in even greater psychological

8

harm to the minor victim as a result of the Defendant's conduct. The uncertainty of the minor's victim's ability to testify at this late date rises to a high degree of prejudice if the Defendant's motion were granted.

### Waiver of Appeal

A final issue the Defendant has raised is his desire to appeal the issue regarding knowledge of the age of the minor victim as an affirmative defense. Because he has waived his right to appeal as a condition for concessions made by the United States in the plea agreement, he is unable to challenge an earlier ruling by this Court. However, as set forth above, any attempt by the Defendant to deny knowledge of the victim's age has been foreclosed by his admissions at the time of his guilty plea.

Therefore, the Court being advised, **IT IS ORDERED** as follows:

1. That Defendant's Motion to Withdraw his Plea, Doc. #44, be and it is, hereby **DENIED**.

2. Sentencing is re-set for November 30, 2005 at 10:00 a.m.

3. The Defendant should be prepared to address:

    a. whether the court should deny him credit for acceptance of responsibility and/or impose an enhancement for obstruction of justice;

    b. whether the court should impose a *Booker* sentence above the guidelines.

This 15th day of November, 2005.

William C. Bertelsman

WILLIAM O. BERTELSMAN, JUDGE