# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# COVINGTON

**CRIMINAL ACTION NO. 05-17-DCR**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**                                **MOTION TO *IN LIMINE***

**DARYL KIMBERLY**                                                             **DEFENDANT**

\* \* \* \*

Comes now the United States, by and through counsel, and hereby moves the Court to exclude any evidence of the victim's past sexual behavior or alleged sexual predisposition, including any instances of sexual chatting or involvement with any person other than the Defendant, pursuant to Federal Rule of Evidence 412. Rule 412 states that evidence related to a victim's sexual history is not relevant except under certain enumerated circumstances. None of the circumstances set forth in 412 are applicable in the instant case, as the consent of the victim is not a defense to a charge of producing child pornography under 18 U.S.C. §2251.

Because the consent of the victim is not a defense to the allegations charged in the indictment, any evidence or testimony about past instances of sexual activity or predisposition would only mislead or confuse the jury and invite a verdict based on jury nullification. *See FRE 403.* As the Court well knows, "trial courts have the duty to forestall or prevent" a jury from engaging in nullification, because doing so is "a violation

of a juror's sworn duty to follow the law as instructed by the court." United States v. Thomas, 116 F.3d 606, 616 (2d Cir. 1997).  As such, a defendant is not entitled to present evidence or argument solely to promote jury nullification.  See United States v. Young, 470 U.S. 1, 7-10 (1985) (holding that the court has duty to prevent counsel from making improper arguments to the jury, including those that are designed to divert the jury from its duty to decide the case on the facts and the law); United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996) (explaining that trial courts should prevent defense counsel from presenting nullification arguments to the juries).

     Because any evidence regarding the victim's sexual involvement with anyone other than the Defendant is not relevant to the charges against the Defendant, the United States moves to exclude any and all evidence, testimony, or argument related to the victim's past sexual conduct or predisposition.

                                      Respectfully submitted,

                                      JAMES A. ZERHUSEN
                                      ACTING UNITED STATES ATTORNEY

                By:     _ s/Erin J. May_____
                          Assistant United States Attorney
                          260 W. Vine Street, Suite 300
                          Lexington, KY 40507
                          Phone:  (859) 685-4872
                          Fax: (606) 233-2747

<u>CERTIFICATE OF SERVICE</u>

On January 20, 2009, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

>David Fessler
>*Attorney for Daryl Kimberly*