

EASTERN DISTRICT of KENTUCKY
TENDERED
DATE: 2-20-09
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 05-17-DCR

UNITED STATES OF AMERICA                         PLAINTIFF

V.                      **PLEA AGREEMENT**

DARYL KIMBERLY                              DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, charging a violation of 18 U.S.C. § 2423(b), Travel with Intent to Engage in Illicit Sexual Conduct. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Two and Three.

2. The essential elements of Count One are:

    (A) the Defendant traveled in interstate commerce;

    (B) the Defendant's purpose in traveling in interstate commerce was to engage in illicit sexual activity with someone less than 18 years of age, and

    (C) the intended sexual act would have been a violation of Chapter 109A of federal law if it had been committed; that is, to knowingly engaged in a sexual act with another person who

        (a) had attained the age of 12 years but had not attained the age of 16 years; and

        (b) was at least four years younger than the Defendant.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

> (a) During November 2003, the victim, a female minor of less than 16 years of age, was in an internet chat room. While in the chat room, the Defendant electronically contacted the minor female victim and asked her age. The minor female victim advised the Defendant that she was fifteen. The Defendant added the minor female victim to his contact list.
>
> (b) Over the next several months, the Defendant continued to have contact with the victim via both the internet and telephone. Ultimately, the Defendant began asking the minor female victim if she had any sexual experience. In approximately April of 2004, the defendant told the minor female victim that he would like to show her what it was like to have sex. Finally, in June of 2004, the Defendant advised the female minor victim that he had taken two days off from work and would be traveling from Virginia to Kentucky. The Defendant had described to the minor female victim several sexual acts that he would like to perform with her when he arrived in Kentucky.
>
> (c) On June 9, 2004, the Defendant traveled in interstate commerce from his home in Virginia to the home of at the minor female victim in Falmouth, Kentucky. Upon his arrival, the Defendant engaged in several sexual acts with the minor female victim, including oral/genital contact. The Defendant admits that, at the time he traveled from Virginia to Kentucky, it was his intent to engage in sexual activity with the minor victim, whom he knew was 15 years of age. The Defendant also admits that, on the June 9, 2004, he was 51 years of age. On June 21, 2004, after returning to Virginia, the Defendant sent the minor female victim an e-mail regarding the visit and the sexual acts he had performed on her during the visit.

4. The maximum statutory punishment for Count One is imprisonment for not more than 30 years, a fine of not more than $250,000 and a term of supervised release of any number of years or life. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry

of the plea.

5. The United States agrees that it will not take a position on whether the Defendant should receive a life term of supervised release. The Defendant reserves the right to argue for a term of supervised release that is less than life.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), November 5, 2003, manual, will determine the Defendant's guideline range.
>
> (b) Pursuant to U.S.S.G. § 2A3.2(a)(1), the base offense level is 24.
>
> (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by two levels for the Defendant's acceptance of responsibility. ~~If the offense level determined prior to this two-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by one additional level based on the Defendant's timely notice of intent to plead guilty.~~ [handwritten: RICH OFF]

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. No agreement exists between the Defendant and the United States regarding which, if any, enhancements should be applied to the Defendant's base offense level pursuant to the Sentencing Guidelines. The Defendant understands that the ultimate decision on which, if any, enhancements are supported by the evidence is to be decided by the Court.

9. The Defendant waives the right to appeal and the right to attack collaterally the

guilty plea and conviction.

10. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

11. The Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: where the Defendant resides; where the Defendant is an employee; and where the Defendant is a student. The Defendant understands that the requirements for registration include providing the Defendant's name, residence address, and the names and addresses of any places where the Defendant is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the Defendant resides, is an employee, or is a student not later than three business days after any change of the Defendant's name, residence, employment, or student status. The Defendant has been advised, and understands, that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

12. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all

financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

Date: 2 0 FEB 09   By: _____
                        Erin J. May
                        Assistant United States Attorney


Date: 2/20/09   _____
                Daryl Kimberly
                Defendant


Date: 2/20/09   _____
                David F. Fessler
                Attorney for Defendant


**APPROVED**, this _____ day of _____, 2008.


_____
UNITED STATES DISTRICT JUDGE