**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 05-17-DLB**

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**VS.**                       **MEMORANDUM OPINION AND ORDER**

**DARYL KIMBERLY**                                                     **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**I. Introduction**

This matter is before the Court upon Defendant's Motion to Withdraw Guilty Plea Pursuant to Rule 11 (Doc. #123), and the United States' Response to the Motion (Doc. #124). Defendant did not file any Reply, and the time for such filing has now expired. On April 21, 2009, the Court heard oral argument on the motion. Defendant was present, and was represented by David F. Fessler. The United States was present through counsel, Assistant United States Attorney Robert K. McBride. The proceedings were recorded by official court reporter Lisa Wiesman. At the conclusion of the hearing and after considering the arguments of counsel, the Court denied the motion. By this Memorandum Opinion and Order, the Court provides its reasons for doing so.

**II. Relevant Facts**[1]

In late 2003, Defendant began having on-line chat sessions with someone he later

---

[1] These facts were gleaned from Defendant's written plea agreement and oral admissions made by him during the February 20, 2009 plea colloquy.

1

learned was less than 16 years old. Over the next several months, Defendant continued to have contact with the minor female via both the internet and by telephone. During those discussions, Defendant asked the minor female if she had any sexual experience and in April, 2004, told her he would like to show her what it was like to have sex.

In June 2004, Defendant advised the minor female that he had taken two days off from work and would be traveling from Virginia to Kentucky. Defendant further described to her several sexual acts that he would like to perform with her upon his arrival in Kentucky. On June 9, 2004, Defendant, who was 51 years old at the time, traveled from Virginia to Falmouth, Kentucky for the purpose of engaging in sexual acts with the minor female victim. After arriving in Falmouth, Defendant engaged in sexual acts with the minor female victim. Defendant admitted the United States could prove those facts beyond a reasonable doubt during his plea colloquy with the Court.

### III. Analysis

The withdrawal of a guilty plea prior to sentencing is a matter "within the broad discretion of the district court," *United States v. Weldon,* 541 F.Supp. 836 F.2d 890, 897 (E.D. Ky 2006), *aff'd*, 275 Fed.Appx. 462 (6th Cir. 2008) (unpublished), and is governed by Rule 11 of the Federal Rules of Criminal Procedure. Rule 11(d) provides the circumstances under which a defendant may withdraw a guilty plea. Subsection (d) of Rule 11 provides, in relevant part:

> **(d) Withdrawing a Guilty ... Plea.** A defendant may withdraw a plea of guilty ...:
> **(1)** before the court accepts the plea, for any reason or no reason; or
> **(2)** after the court accepts the plea, but before it imposes sentence if:
> ...
> > **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

In this case, since Defendant's guilty plea has already been accepted by the undersigned, the standard set forth in Rule 11(d)(2)(B) applies, that is, Defendant must show a fair and just reason for requesting the withdrawal.

The purpose of Rule 11(d) "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bazzi,* 94 F.3d 1025, 1027 (6th Cir.1996) (internal citation and quotation marks omitted). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).

In considering Mr. Kimberly's current motion to withdraw his guilty plea, the Sixth Circuit had identified several factors which the district court must consider. These factors include – (1) the timeliness of the motion, (2) any reason for untimeliness, (3) assertion of innocence, (4) the circumstances surrounding the guilty plea, (5) the background of the defendant, (6) the defendant's exposure to the criminal justice system, and (7) prejudice to the government if the motion is granted. *Weldon*, 541 F.Supp.2d at 897 (*citing United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994). These factors "are a general, non-exclusive list and no one factor is controlling." *Bazzi,* 94 F.3d at 1027. The defendant has the burden of establishing the existence of a fair and just reason supporting the withdrawal of the guilty plea. *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). Upon reviewing each of these factors, the Court concludes that Defendant's motion should be denied.

### 1.     The Timeliness of the Motion

Of the seven factors to be considered, this factor is the only one which even arguably favors withdrawal of his guilty plea. Defendant entered his most recent guilty plea on February 20, 2009. On March 23, 2009, thirty-one days later, counsel filed his motion to withdraw guilty plea. However, because Defendant had left word with defense counsel that he wished to withdraw his guilty plea via a voice mail left by a friend on March 20, 2009, the Court will use that date as the date he expressed a desire to withdraw his plea. Thus, the lapse of time between his guilty plea and desire with withdraw his plea was twenty-eight (28) days.

The Sixth Circuit has consistently held that "a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). The Sixth Circuit has held that thirty-five days after a guilty plea is a substantial amount of time, *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987), and that seventy-five days is a substantial amount of time that warrants denial of a motion to withdraw. *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004).

In this case, Defendant notified counsel via a third-party that he wished to withdraw his guilty plea 28 days after pleading guilty. Unlike the many cases where the Sixth Circuit has rejected motions to withdraw based on untimeliness, Mr. Kimberly notified the Court of his intentions approximately one month after entering his guilty plea. However, for reasons set forth herein, the relative promptness in which Kimberly acted does not offset the other factors that weigh heavily against granting the motion to withdraw.

### 2.     Reason for Untimeliness

In his motion, Defendant submits that he "immediately changed his mind regarding the plea upon the discovery of new and important evidence" in the form of alibi witnesses and other documentary evidence. During the April 21, 2009 hearing on the motion to withdraw guilty plea, Defendant identified this alleged new evidence. Counsel advised that Defendant's wife had found a receipt from a mechanic's garage bearing a date of June 7-11, 2004. According to Defendant, that receipt proves that the vehicle which he allegedly drove to Kentucky was being repaired on the date of his alleged travel from Virginia. As a result, he could not have traveled to Kentucky on the date alleged in the Indictment because his vehicle was in the mechanic's garage. Defendant also identified a new alibi witness, his sister-in-law, who will now testify he was in Virginia on the date he was supposedly in Kentucky committing sexual acts with the minor female victim.

Although Defendant has characterized the mechanic's receipt and alibi witness (his sister-in-law) as "new," given the amount of time which has transpired since the case was originally indicted in 2005, the Court cannot conclude that that evidence is new. To the contrary, Defendant has had more than four years to discover and put forth evidence to challenge the charges in the Indictment. As aptly pointed out by the prosecutor, although the receipt was allegedly recently found by Defendant's wife, there is nothing in the record to establish that the receipt has been authenticated by the mechanic who allegedly performed the work on Defendant's vehicle. Moreover, even if the receipt does in fact exist, its existence flies directly in the face of Defendant's unequivocal admissions to the undersigned during the plea colloquy that he traveled to Kentucky to have sex with a minor female.

5

More significantly, Defendant has failed to present any good or valid reason why this alleged new evidence could not have been discovered prior to February, 2009. According to Defendant, the mechanic's receipt was allegedly found by Defendant's wife. If this receipt was so critical to the defense of the case, one would think its existence could have and should have been known far earlier than one month after the guilty plea was entered, and more than four years after the case had been indicted. In the Court's view, the fact that it was only <u>after</u> entering a guilty plea for the <u>second time</u> that Defendant's wife allegedly discovered this evidence makes his reasons for not discovering its existence earlier highly suspect.

The same can be said for the "new" alibi witness, who coincidentally is Defendant's sister-in-law. Given her familial relationship to Defendant's wife, it is reasonable to conclude that she was aware that Defendant had been indicted in 2005. It is even more reasonable to conclude that she would have known Defendant was in Virginia and not Kentucky in June 2004 well before Defendant entered his second guilty plea on February 20, 2009. Defendant's labeling of her as a "new" alibi witness is simply not credible.

Most significantly, the alleged "new" alibi and documentary evidence is directly contrary to Defendant's own detailed admissions to the Court during the plea colloquy. Although Defendant says he now has alibi witnesses (only one of whom is new, his sister-in-law) who would testify he was not in Kentucky in June, 2004, he admitted to the undersigned, under oath, that he traveled to Falmouth, Kentucky on June 9, 2004 for the purpose of engaging in sexual acts with the minor female victim. He further admitted that upon his arrival in Kentucky, he engaged in sexual acts with the minor female victim. If Defendant had witnesses to support an alibi defense, he could have certainly notified the

6

Court of that fact prior to entering his guilty plea. Even without an alleged receipt from a mechanic's garage, Defendant and his wife could have testified that Defendant's vehicle was being repaired during the dates he allegedly was in Kentucky. Additionally, even without an alibi from his sister-in-law, Defendant and his wife could have testified he was in Virginia when he was suspected of being in Kentucky having sex with a minor female.

Under these facts, the Court concludes that this factor weighs heavily against granting the motion to withdraw.

### 3. The assertion of his innocence

In addressing this factor, Defendant boldly states that he "has clearly maintained his innocence throughout this matter," (Motion at p. 3) However, his assertion that he has always maintained his innocence, in the Court's opinion, rings hollow. All defendants, by entering a plea of not guilty, protest their innocence until proven guilty beyond a reasonable doubt.

During the extensive seventy-four (74) minute plea colloquy with the Court, Defendant candidly and unequivocally admitted that on June 9, 2004, he traveled from Virginia to Falmouth, Kentucky for the purpose of engaging in sexual acts with the minor female victim. He also admitted that he engaged in sexual acts with the minor female victim after he arrived in Kentucky.

Although Mr. Kimberly did not admit his guilt (for the second time) until shortly before the case was scheduled to proceed to trial, his decision to plead guilty is not unlike those made by hundreds, if not thousands of defendants, every year in federal and state courts throughout the United States. Last minute decisions to plead guilty are quite commonplace and no special significance shall be afforded to a Defendant who enters his guilty plea

7

relatively late in the process.

For all of these reasons, consideration of this factor weighs heavily in favor of denying the motion to withdraw guilty plea.

### 4. The circumstances surrounding the guilty plea

The record herein reflects that after the case was remanded by the Sixth Circuit Court of Appeals, Defendant was appointed current counsel to represent him. In January 2009, Defendant moved the Court for rearraignment, only to withdraw that motion a few weeks later. Defendant eventually filed a second motion for rearraignment in February 2009. Because he had previously changed his mind, the Court convened a telephone conference on February 17, 2009 to ensure that it was indeed the Defendant's intention to plead guilty. After confirming Defendant's intentions with defense counsel, Defendant was brought before the Court on February 20, 2009 for purposes of being rearraigned on Count One of the Indictment.

After placing Defendant under oath, the Court carefully discussed Defendant's options with him, including his rights to proceed with a trial in lieu of a guilty plea. The transcript of the rearraignment has been filed as docket entry number 127. As reflected in the February 20, 2009 plea colloquy, the Court took great care in questioning Mr. Kimberly regarding his decision to enter a guilty plea and made sure he understood the possible consequences of the plea, including the impact of the sentencing guidelines. Defendant was also informed that the guidelines were advisory and the Court could sentence him below the otherwise applicable advisory range based on the so-called *Booker* factors, also known as section 3553(a) factors, within the recommended guideline range, or above the recommended guideline range, all the way up to the statutory maximum sentence.

Defendant was intimately familiar with the latter possibility as that is the sentence the prior sentencing judge had previously imposed. The Court also ensured that Defendant understood the provisions of his written plea agreement and sealed plea supplement, and that there was a sufficient factual basis for Defendant's guilty plea.

In this case, the record supports the conclusion that Defendant's plea was knowingly and voluntarily entered and was not the product of duress. Nor was it a hastily entered plea made with unsure heart and confused mind. For all of these reasons, this factor strongly favors denial of Mr. Kimberly's motion to withdraw guilty plea.

### 5. The background of the defendant

This factor also favors denying the motion to withdraw guilty plea. Mr. Kimberly is a 56 year old high school graduate who has completed some college. He is not the prototypical defendant generally encountered in federal court. During the plea hearing, the undersigned found him to be deliberate and thoughtful throughout his plea colloquy. Simply put, Defendant's background strongly favors denial of Mr. Kimberly's motion to withdraw guilty plea.

### 6. Defendant's prior exposure to the criminal justice system

This factor also favors denial of Mr. Kimberly's motion. Although Defendant had no significant experience with the criminal justice system prior to being indicted in this case, the procedural history of this case establishes that he is very familiar with how a federal criminal case is adjudicated. More significantly, Mr. Kimberly had a prior motion to withdraw guilty plea that was denied. From that Order, the Court can easily conclude that he was familiar with the plea process and the standards by which a court reviews a motion to withdraw plea. Unlike many first-time defendants, Mr. Kimberly has been through the

entire process, including obtaining a reversal on appeal.

Based on his own experience in this case, the Court concludes that Mr. Kimberly is certainly more experienced in the plea process and the potential ramifications of entering a plea. For all of these reasons, this factor favors denial of Mr. Kimberly's motion to withdraw guilty plea.

### 7. Prejudice to the government if the motion is granted

The final *Bashara* factor also favors denial of the motion, albeit less strongly. Although Defendant argues there is no real potential for prejudice to the Government if the motion is granted, the impact of the roller coaster ride to which the Defendant has put the minor victim cannot be underestimated. Since this matter was reassigned to the undersigned judge, the minor victim was been at virtually every court proceeding, including the hearing on the motion to withdraw guilty plea. The emotional toll on the victim was certainly evident to the Court when she began to cry after the Court announced its oral decision denying Defendant's motion.

Although difficult to necessarily quantify, the Court concludes that Defendant's actions in pleading guilty and then attempting to withdraw his plea have had some emotional toll on the minor female victim in the case. For that reason, there would be some modicum of prejudice to the United States if Defendant were permitted to withdraw his guilty plea in these circumstances.

### IV. Conclusion

Although the first and last *Bashara* factor may not strongly favor denying Defendant's motion to withdraw his guilty plea, the remaining five factors strongly weigh against granting the relief. In this case, the record reflects that Defendant's February 20,

10

2009 guilty plea was neither hastily entered nor made with unsure heart or confusion. Because Mr. Kimberly has failed to establish the existence of a fair and just reason to withdraw his plea under the applicable standard, and for the reasons stated herein;]

**IT IS ORDERED** that Defendant Motion to Withdraw Guilty Plea Pursuant to Rule 11 (Doc. # 123) be, and it is, hereby **denied**.

This 21st day of April, 2009.



G:\DATA\ORDERS\CovCrim\2005\05-17-MOO Denying D Motion to Withdraw GP.wpd