**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

**CRIMINAL ACTION NO. 05-17-DLB**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**V.**                      **RESPONSE TO DEFENDANT'S
OBJECTIONS TO PRESENTENCE REPORT**

**DARYL KIMBERLY**                                                        **DEFENDANT**

**\* \* \* \***

Comes now the United States, by and through counsel, and hereby responds to the Defendant's objections to the Presentence Report. Many of the Defendant's objections do not affect the Defendant's guideline calculations. Moreover, many of the objections involve issues of which the United States has no knowledge. Therefore, the United States' response is focused only on those objections affecting the sentencing guideline calculation.[1] As to these issues, the Defendant's objections should be overruled.

**1. Objection to Paragraph 35, 36, and 46 (Obstruction of Justice Enhancement)**

The Defendant objects to Paragraphs 35, 36, and 46 of the Presentence Report, all

---

[1] The omission of specific offense characteristics in the Plea Agreement was purposefully done by the parties because no agreement could be reached. Accordingly, the Plea Agreement specifically notes that both parties may object to or argue in favor of any calculations not included in the plea agreement and that "no agreement exists between the Defendant and the United States regarding which, if any, enhancements should be applied to the Defendant's base offense level pursuant to the Sentencing Guidelines."

of which involve the application of a two-level increase to the Defendant's offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The Defendant argues the enhancement should not be applied because there is no evidence he intentionally altered information or evidence during the course of the investigation or prosecution of this case. The Defendant is incorrect.

The Defendant's conduct is sufficient to warrant a two-level enhancement pursuant to U.S.S.G. § 3C1.1. Application Note 4 (c) specifically provides that an enhancement under § 3C1.1. applies if the Defendant "produc[ed] or attempt[ed] to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." On May 27, 2005, the Defendant produced a diskette allegedly containing exculpatory internet chat transcripts between himself and the victim. Judge William O. Bertelsman ordered that the diskette be submitted to the Kentucky State Police Electronic Crime Section for forensic examination. This examination revealed that the diskette did not contain internet chat files, but instead contained a document that had been created by the user. The chats on the diskette were word documents, instead of text documents generated by Yahoo! Messenger. Moreover, the dates, fonts, and spellings contained in the document were inconsistent with that produced by Yahoo! Messenger chats. Finally, metadata was contained in the documents, which would not occur in Yahoo! Messenger chats. While the Defendant now contends that these inconsistencies were simply a combination of "honest" mistakes and computer malfunctions, the multitude of discrepancies and the circumstances under which the evidence was presented militate against the Defendant's claims. The enhancement was properly applied.

## 2. Objection to Paragraph 42 (Undue Influence to Victim Enhancement)

The Defendant also objects to Paragraph 42, which imposes a two-level enhancement to the Defendant's base offense level for unduly influencing the victim to engage in prohibited sexual conduct pursuant to U.S.S.G. § 2A3.2(b)(2)(B). The Defendant argues that this enhancement should not be applied because the alleged victim was "active" and "aggressive in her discussions and desires." This argument lacks merit.

Application Notes to § 2G1.3 specifically provide that there is a rebuttable presumption that undue influence was used if the Defendant is at least ten years older than the minor. *Id.*, comment. (n.3 (B)). In this case, the Defendant was approximately 36 years older than the victim. The Defendant has failed to cite any evidence sufficient to rebut this presumption. Instead, the Defendant simply relies on the fact that the victim consented to the sexual activity, i.e. that she was "active" and "aggressive in her discussions and desires." Consent of the minor, however, does not prevent application of the enhancement. *United States v. Wise*, 278 F. App'x. 552, 562-63 (6th Cir. 2008) (unpublished) (The plain language of the enhancement does not require forceable contact. Moreover, a minor cannot legally consent to sexual intercourse."); *United States v. Dean*, 238 F. App'x 320, (9th Cir. 2007) (unpublished) (holding that the applicability of the § 2G1.3(b)(2)(B) enhancement was "contingent on the conduct of the defendant, not the actions of the minor"); *United States v. Castellon*, 213 F. App'x. 732, 736-37 (10th Cir. 2007) (upholding enhancement for use of undue influence where minor was willing participant in sexual conduct with the Defendant).

Moreover, the Defendant used his increased knowledge, persuasive powers, and

superior resources to unduly influence the victim in this case. In chat texts, the Defendant uses his increased sexual knowledge to persuade the victim, telling her "there is much I can teach you of what you don't know yet." The Defendant goes on to tell the victim he will show her what "it's like to have a mature man love you and not the puppy love that guys like your age experience." He continues, "A mature man can teach you how to make love. All they can do is show you how to screw. There is a world of difference."

The Defendant also used his persuasive powers when the victim asked the Defendant, "do [you] actually love me or do [you] just tell me that [because you] think its what I wanna (sic) hear." The Defendant responded, "I would not say it if I didn't mean it. It's the truth." In a later chat the Defendant tells the victim that "[t]he fact that you want to give up your virginity to me is the greatest gift a man can give a woman." When the victim states "to be honest, I'm scared to have sex," the Defendant responds that he can do it so it will be enjoyable and will not hurt. He then describes in detail the things he would like to do to the victim. The Defendant then asks the victim "[t]ell me the truth, Baby. Are you touching yourself?" When the victim states that she isn't, the Defendant asks "Will you? For me?"

Finally, the Defendant used his increased resources to persuade the victim. On June 9, 2004, the Defendant used his vehicle and monetary resources to travel from his home in Virginia to the home of at the minor female victim in Falmouth, Kentucky. Upon his arrival, the Defendant engaged in several sexual acts with the minor female victim, including oral/genital contact. When considered together, the Defendant's use of increased knowledge, persuasion, and resources, are sufficient to support the application of

the undue influence enhancement pursuant to §2A3.2(b)(2)(B). The Defendant's objection should be overruled.

**3. Objection to Paragraph 43 (Use of a Computer Enhancement):**

The Defendant next objects to Paragraph 43, which imposes a two-level increase in the Defendant's base offense level for use of a computer or internet access device to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct pursuant to U.S.S.G. §2A3.2(b)(3). The Defendant argues this enhancement should not apply because he did not use the computer to "persuade, induce, entice, or coerce" the victim to engage in sexual conduct. The Defendant is incorrect.

The enhancement for use of a computer to persuade or entice the victim to engage in sexual conduct clearly applies to the Defendant's conduct. The enhancement for use of a computer or internet access device was created because of the fear that "[b]ehind the anonymous veil of the internet, predators can locate young people in teen chat rooms or other child-friendly sites, assume false identities, establish relationships, deploy pornographic images and other sexual enticements, and arrange for meetings-all shielded from the eyes of parents, police, or other protectors." *United States v. Robertson*, 350 F.3d 1109, 1113 (10th Cir. 2003). This is exactly how the Defendant used the internet in this case. The Defendant admitted in his guilty plea that he first met the victim via a computer, in a chat room. R.122: Proposed Plea Agreement. The Defendant also admitted that he continued to use the internet and phone to contact the victim for the next several months, and that during this time the Defendant engaged in sexual chats with the victim. As set forth in great detail in the previous section, the computer chats clearly demonstrate that the

Defendant was using his knowledge, persuasion, and resources to persuade, induce, entice, and coerce the victim to engage in sexual activity with him. The Defendant's use of the computer and internet to meet, maintain a relationship, and facilitate a meeting for sexual conduct is exactly the type of conduct for which the enhancement was created. The Defendant's objection to it's imposition should be overruled.

**Conclusion**

Based on the foregoing reasons, the Defendant's objections to the Sentencing Guideline calculations should be overruled.

                                    Respectfully submitted,

                                    JAMES A. ZERHUSEN
                                    UNITED STATES ATTORNEY

By:   _ s/Erin J. May_____
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, KY 40507
        Phone: (859) 685-4872
        Fax: (606) 233-2747

CERTIFICATE OF SERVICE

On August 3, 2009, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

        David Fessler
        *Attorney for Daryl Kimberly*