# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

_____

UNITED STATES OF AMERICA,

      v.                                 No. 2:05-cr-00017-DLB-JGW-1

DARYL KIMBERLY,

        DEFENDANT.

_____

## DARYL KIMBERLY'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant-Petitioner Daryl Kimberly respectfully submits the following objections to the August 18, 2022 Report and Recommendation of the Magistrate Judge, pursuant to 28 U.S.C.A. § 636 (West) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.")

Defendant objects, primarily, to the Magistrate Judge's ruling that an evidentiary hearing is not required to decide defendant's ineffective assistance of

counsel claim. The burden "for establishing an entitlement to an evidentiary hearing is relatively light," the Sixth Circuit has stressed. Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999); Martin v. United States, 889 F.3d 827, 832 (6th Cir. 2018). An evidentiary hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief" on the face of the filings. Campbell v. United States, 686 F.3d 353, 357 (6th Cir. 2012) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)); 28 U.S.C.A. § 2255(b).

The Supreme Court has said that the habeas court must consider whether a hearing could enable the petitioner to prove his factual allegations, which if true, would entitle him to relief on his claim. Schriro v. Landrigan, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007). Where the petitioner presents factual allegations that support his ineffectiveness claim beyond "mere assertions of innocence," Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007), or bare conclusions, MacLloyd v. United States, 684 F. App'x 555, 559 (6th Cir. 2017), Martin, 889 F.3d at 832, the evidentiary hearing should be held unless the allegations cannot be accepted as true because "they are contradicted by the record" or are "inherently incredible." MacLloyd, 684 F. App'x at 559.

Petitioner's filings warrant an evidentiary hearing under that standard. Petitioner affirms in his November 30, 2020 Affidavit in support of his claim (after setting out the factual circumstances of the government's charge), "My attorney,

2

Mr. Steve Howe[,] was asked to investigate to try and find any witnesses that I never went inside the house. I don't believe that ever happened." Instead, trial counsel advised defendant to plead guilty – without investigating whether there were witnesses who could support defendant's assertion that he "never went inside the house" – a central component of the government's criminal charge and where the sexual offenses were alleged to have occurred.

There is no countering affidavit from petitioner's trial lawyer, Mr. Howe, rebutting defendant's affirmations – explaining, for example, what investigation Mr. Howe conducted into such witnesses, in any.

Crediting Mr. Kimberly's affidavit and the affidavit of witness Rosekrans (the investigator who was following Kimberly on the day in question and affirms that Kimberly did not enter the minor's home as the government charged he did), the Court can conclude that Mr. Howe acted unreasonably under the first prong of *Strickland* by failing to conduct any investigation into the witnesses as defendant asked counsel to do (as Mr. Kimberly affirms in his Affidavit, unrebutted on the current record). Rosekrans' affidavit illustrates that such witnesses existed. Courts have consistently ruled that a trial counsel's failure to sufficiently investigate, secure, and present alibi or alibi-like testimony is deficient performance, see, e.g., Blackburn v. Foltz, 828 F.2d 1177, 1183 (6th Cir. 1987) (holding failure to pursue alibi defense "constituted ineffective representation outside the wide range of

3

professionally competent assistance"); Towns v. Smith, 395 F.3d 251, 258–61 (6th Cir. 2005) (ineffective assistance for failure to secure favorable defense witness); Lindstadt v. Keane, 239 F.3d 191, 204–05 (2d Cir. 2001) (counsel failed to investigate exculpatory witness in a case where there were only two eyewitnesses); Mosley v. Atchison, 689 F.3d 838 (7th Cir. 2012) (if two alibi witnesses would have testified as reflected in their affidavits, defendant was prejudiced by trial counsel's failure to call the witnesses; "Here, Mosley's location when the fire was started was the critical issue in the case. Fernando testified that Mosley was underneath her window ordering the two younger boys to burn down the building. According to their affidavits, Jones and Taylor would have testified that Mosley was in the schoolyard across the street").

Testimony from trial counsel, Mr. Howe, would permit the Court to determine what communications defendant and his counsel had about Mr. Kimberly's assertion that he never even went inside the home, and what investigation Mr. Howe conducted to try to find witnesses who could support Mr. Kimberly's assertion -- witnesses who Rosekrans' affidavit shows existed. Mr. Howe can explain what steps he took to investigate such witnesses or other evidence *before* counseling Mr. Kimberly to accept a guilty plea premised on a central factual assertion that Kimberly told his counsel was false. *Then* the Court can determine whether trial counsel acted reasonably within *Strickland's* first

4

prong. Defendant objects to the Magistrate Judge's recommendation that Kimberly's ineffective assistance claim can be denied without hearing from trial counsel in that regard.

On page 5 of the Report and Recommendation, the Magistrate Judge reasons that because Kimberly himself did not know about the existence of Rosekrans or Hayden (the other investigator involved in surveilling defendant), trial counsel cannot be faulted for failing to investigate them. But on the record as it stands, we don't know that Mr. Howe conducted any investigation at all, or whether counsel took any steps to find evidence supporting his client's assertion that he never even entered the minor's residence as the government charged he had. The record as it stands does not show that investigation by the trial lawyer, or with the help of an investigator, would not have uncovered Rosekrans, Hayden, or similar witnesses or evidence who could have supported Kimberly's assertion and contradicted the government's assertion. Mr. Kimberly specifically asked Mr. Howe to look for such witnesses. The record does not show that Mr. Howe took any steps at all to do so before counseling Mr. Kimberly to simply accept the guilty plea and sentence the government presented. Just because Mr. Kimberly was not aware of these witnesses until June 2020 does not mean that his counsel could not have uncovered them had he investigated at the time.

5

Even if Mr. Howe did not know about Rosekrans or Hayden specifically (which, again, the current record does not establish), did Mr. Howe know that defendant had been surveilled on the day in question or in relation to the minor girl with whom he had been conversing?  If so, what investigation did Mr. Howe take after learning that -- or to try to find witnesses or evidence who could support his client's assertion as witness Rosekrans does in his Affidavit.  Again, all of these questions would be answered by an evidentiary hearing; they are not answered on the current record, which is insufficient to determine that Mr. Howe acted reasonably under *Strickland*, as the Magistrate Judge erroneously recommends.

On page 9 of the Report and Recommendation, the Magistrate Judge states, "Rosekrans's affidavit, taken as true, fails to prove actual innocence of the convicted crime."  Petitioner need not establish actual innocence to prevail on his ineffective assistance claim, or for the Court to order an evidentiary hearing on it.

On page 7 of the Report and Recommendation, the Magistrate Judge states, "Simply because Kimberly did not enter the home does not mean Kimberly did not have some sexual interaction with the minor outside and out of sight of Rosekrans."  But that was not what the government said occurred in this case.  The plea agreement that the government presented and that Mr. Howe counseled his client to sign provided that, as to Count One, "the United States could prove" beyond a reasonable doubt that "the defendant went inside" the victim's home that

6

day, "eventually went into the minor female victim's bedroom, and that defendant engaged in several sexually explicit acts with the minor female victim, including oral-genital intercourse, and attempted genital-genital intercourse." If Rosekrans or a like witness had been found and affirmed, as Rosekrans now has, that they were watching Kimberly and never saw him enter the minor's home at any time, that would have directly contradicted a core factual assertion on which the government's criminal charge hinged. Mr. Kimberly's claim alleges that, instead of looking for witnesses who could support what Kimberly said occurred, trial counsel simply advised his client to plead guilty and stipulate to facts that Kimberly told his lawyer were completely false. That claim should not be dismissed on its face without hearing from Mr. Howe with regard to what investigation he conducted into the witnesses his client asked him to locate and which Rosekrans' affidavits shows existed.

Rosekrans' affirms further, "The both of you sat on the edge of her porch and then walked around the yard for approximately an hour, apparently talking. At no time did you ever enter the house. Finally, you embraced each other and you walked back to your car. The time you spent there totaled one hour." Again, this would have undercut factual assertions that were central to the Count One charge the government lodged and central to the plea Mr. Howe told Kimberly to accept. The essential elements of a violation of 18 U.S.C.A. § 2423(b) (West) are that the

7

defendant traveled in interstate commerce; the defendant's purpose in traveling in interstate commerce was to engage in a sexual act, as defined by 18 U.S.C.A. § 2246 (West) with an individual he believed was younger than 18 years of age; and the intended sexual act would have been a violation of federal law if it had been committed. If no sexual contact with the minor actually occurred, as Mr. Rosekrans' Affidavit supports, this would throw serious doubt on the intent element of the crime. It undercuts completely the Government's assertion, as stated in its Pretrial Memorandum (Doc. No. 15), that "[o]n June 9, 2004, the defendant arrived at the minor female victim's residence in Kentucky. The minor female victim was home alone at the time. The defendant came inside and sat on the couch with the minor female victim. The defendant kissed the minor female victim on the forehead and she told him she was scared. Eventually, the two went into the minor female victim's bedroom. Once in the bedroom, the defendant engaged in several sexually explicit acts with the minor female victim, including oral-genital intercourse, and attempted genital-genital intercourse. After a period of time, the defendant left the residence and returned to Virginia."

That is sufficient proof of prejudice under *Strickland's* second prong – a reasonable probability that, but for counsel's unprofessional error (in failing to sufficiently investigate and uncover a witness like Rosekrans), the result of the proceeding would have been different. In the context of a plea agreement,

8

prejudice "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Rosekrans' statement would have impacted any plea to knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a fifteen-year old minor female in violation of 18 U.S.C.A. § 2423(b) as charged under Count 1.

At the very least, Rosekrans' statement, had trial counsel investigated and obtained it, would have impacted the sentence imposed on defendant, which also constitutes prejudice under *Strickland*, Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001). The government's charge that defendant had sexual contact with the minor resulted in harsher punishment for Kimberly because the sentence was premised at least in part on the fact that Kimberly went inside the minor's residence and actually engaged in the sexual contact he intended during his travel. Had trial counsel obtained testimony like that reflected in Rosekrans' Affidavit, and countered the government's charge that Kimberly even went inside the minor's home where the sexual contact was charged to have occurred, that would have impacted the sentence, because a defendant who travels with only the criminal intent to commit the wrongful act that he never actually commits is less culpable, sentencing-wise, than a defendant who carries through with his intent, we respectfully submit.

For all these reasons, defendant respectfully asks the District Court to reject the Magistrate Judge's Report and Recommendation to deny defendant's ineffective assistance of counsel claim without an evidentiary hearing. The Court should order that an evidentiary hearing be held before ruling on whether trial counsel acted reasonably and whether this prejudiced Mr. Kimberly within the governing standard of Strickland.

Respectfully submitted,

/s/ Michael J. Cox
COX LAW, PLLC
631 E. Main Street
Lexington, Kentucky 40508
(859) 523-2260 ext. 33; Fax (859) 523-2265
MJCox@CoxLawKY.com

/s/ Michael Confusione
HEGGE & CONFUSIONE, LLC
P.O. Box 366, Mullica Hill, NJ 08062-0366
(800) 790-1550; (888) 963-8864 (fax)
mc@heggelaw.com
(Admitted *Pro Hac Vice*)

Counsel for Daryl Kimberly

Dated: August 25, 2022